C. H. WAITES AND MARY STONE, ADMRS. V. D. M. OSBORNE & CO.

(Case No. 2070.)

1. PRACTICE—CONTINUANCE.—In the absence of a bill of exceptions, the ruling of the lower court upon a motion for continuance cannot be revised; and all presumptions will be indulged in favor of its correctness.

2. VENDOR'S LIEN—PURCHASE MONEY NOTES—RECITALS IN DEED—SUBSEQUENT PURCHASER—NOTICE.—Three notes, dated July 5, 1881, the largest being for $325, and due July 4, 1882, and the other two aggregating $125, and due January 5, 1882, recited that they were given in consideration of one hundred acres of land out of a certain survey; but contained no description by metes and bounds. A deed

of conveyance from the payees to the payor of the three notes, dated July 5, 1881, described, by metes and bounds one hundred acres out of the same survey; and as to payment recited "in consideration of the sum of $850, paid in the following manner: $200 in cash, $325 due Junuary 5, 1882, and $325 due July 5, 1882; the last two payments are evidenced by two promissory notes for the amounts and due at the times above mentioned." The petition, in a suit upon the three notes by the assignees of the payees, described the land conveyed by the deed, and, alleging that the notes sued on were given in payment therefor, sought to foreclose the vendor's lien thereon. As against the administrators of S. who had bought a portion of the one hundred acres conveyed by the deed. *Held:*

(1) The deed gave notice of the lien for the purchase money, and identified the largest of the three notes sued on as one of those given for the land described in the petition; but did not give notice that the other two notes sued on were given for that land.

(2) By the recitals in the deed, S. was affected with notice that a lien was reserved for the payment of the purchase money remaining unpaid; but the land in the hands of his administrators could not be subjected or made liable for the payment of any debt of which the recitals in the deed did not give him notice.

APPEAL from Kaufman. Tried below before the Hon. Anson Rainey.

The facts are stated in the opinion.

*Manion & Huffmaster,* for appellants, cited: Chilson *v.* Reeves, 29 Tex., 275; Prewitt *v.* Everett, 10 Tex., 283; Goodson *v.* Johnson, 35 Tex., 622; Robinson *v.* Martel, 11 Tex., 149; Stinnett *v.* Rice, 36 Tex., 106; Handell *v.* Elliott, decided in 1886; Steinbeck *v.* Stone, 53 Tex., 382; May *v.* Taylor, 22 Tex., 348; Bledsoe *v.* Willis, 22 Tex., 650; McConkey *v.* Henderson, 24 Tex., 212; McAfee *v.* Wheelis, Posey's Unreported Cases, 71; Cooke *v.* Bremond, 27 Tex., 460; McLouth *v.* Hurt., 51 Tex., 120; Rawles *v.* Perkey, 50 Tex., 316; Pittman *v.* Henry, *Id.*, 365; 1 W. & W., secs. 731, 195, 514, 581, 871, 875; 2 W. & W., sec. 314; Davidson *v.* Edgar, 5 Tex., 492; Danzey *v.* Swinney, 7 Tex.; 618; Robertson *v.* Paul, 16 Tex., 472; Buchanan *v.* Monroe, 22 Tex., 537; Giddings *v.* Crosby, 24 Tex., 295; Heath *v.* Garrett, 46 Tex., 25; Converse *v.* Sorley, 39 Tex., 515; Cunningham *v.* Taylor, 20 Tex., 126; R. S., Art. 2428; McAlpine *v.* Burnet, 23 Tex., 651; Rawles *v.* Perkey, 50 Tex., 311; Robertson *v.* Guerin, 50 Tex., 323; Willis *v.* Grey, 48 Tex., 464; Graham *v.* Hawkins, Posey's Unreported Cases, 519.

No briefs on file for appellees.

STAYTON, ASSOCIATE JUSTICE.—In the absence of a bill of exceptions, the ruling of the court overruling a motion for continuance can-

not be revised.   The application seems to state facts sufficient to entitle a party to a first continuance; but it is wholly insufficient if regarded as a second application.   We cannot know from the record that it was not the second application, and all presumptions must be indulged in favor of the correctness of the ruling of the court below, in the absence of a bill of exceptions showing to the contrary.

The action was brought to recover the amount claimed to be due on three promissory notes, executed by J. T. Shipman, and payable to C. W. Robertson or bearer, of which the appellees alleged they were the owners.   The plaintiffs also sought to foreclose a vendor's lien on one hundred acres of land, a part of a grant originally made to Lucilla Gonzales.   The three notes recited that they were given in considera-   · tion of one hundred acres of land on the Lucilla Gonzales survey, deeded to J. T. Shipman by C. W. and E. J. Robertson, but did not give the metes and bounds of the hundred acres or otherwise particularly describe it.   One of the notes was for $45.00, due January 5, 1882, another for $80.00, due on the same date as the former, and the third note was for $325, due on July 5, 1882.   All were executed on July 5, 1881.

The petition alleged that these notes were all given for the hundred acres of land particularly described in the petition.   It appears that Shipman conveyed to Graham, eighty-three and two-third acres of the land described in the petition, and that Graham conveyed the same land to E. E. Stone, now deceased, whose estate is represented by the appellants, who were made defendants in order that the lien claimed might be declared and enforced.

The appellants, with other defenses, filed a general denial, and further pleaded that their intestate purchased from Graham eighty-three and two-thirds acres of the land, for a valuable consideration without notice of the lien claimed, and without notice of the notes sued upon.   The three notes described in the petition were offered in evidence.   The deed from Robertson to Shipman for the land described in the petition was also read in evidence, as well as the conveyances from Shipman to Graham, and from the latter to Stone. The deed from Robertson to Shipman was of the same date as the three notes sued on, and it contained the following recital, as to the consideration for the land, and the manner in which it was paid and secured:   "In consideration of the sum of $850, paid in the following manner:  $200 in cash, and $325 due January 5, 1882, and $325 due July 5, 1882.  The two last payments are evidenced by the promissory notes for the amount, and due at the times above mentioned." This is all the evidence tending to show that the notes sued upon were

given for the land described in the petition, except that the deed recites that the one hundred acres of land, same as described in the petition, is a part of the Lucilla Gonzales grant.

The recitals in the deed give notice of the lien to secure the purchase money, and identify the note for $325, described in the petition as one of the notes given for the land; but there is nothing in the deed to show that the notes for $45 and for $80 were given for this particular land. The deed recites that but two notes were given and that they aggregated the sum of $650.

The three notes sued on will not make this aggregate. The largest note sued upon, the evidence sufficiently shows, was given for the land described, and from the recitals in the deed there must have been another note given at the same time for a like sum. That note has been paid or is still outstanding. If paid, the land is not subject to sale to satisfy a lien for so large a sum as the petition claims and the judgment was for. If it has not been paid, so far as we can know from the record before us, it may be enforced through the lien, of which the deed gives notice, by a sale of the land, and thus the land be subjected to the payment of the $650, and the further sum due on the notes for $45.00 and $80.00, if the judgment in this case is permitted to stand; and so, without any notice whatever to E. E. Stone, that the land was encumbered with any lien to secure the payment of the two notes last mentioned. E. E. Stone was affected with notice, through the recitals in the deed under which he claims, that a lien existed on the land to secure the payment of $650, with interest thereon, but this was the extent to which he had notice of any incumbrance, and the land in the hands of the representatives of his estate, cannot be subjected or made liable to subjection to the payment of any debt other than the recitals in the deed to Shipman gave notice of, unless facts are shown of which the record before us bears no evidence. The description of the land contained in the notes for $45.00 and $80.00, will apply as well to any other hundred acres out of the Lucilla Gonzales grant, as to that described in the petition.

The evidence does not sustain the judgment, and the new trial should have been granted. The judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 9, 1886.]