J. H. PARKS, *et al.*, Trustees v. THE ANCHOR MUTUAL FIRE INSURANCE COMPANY, Appellant.

Insurance: PROOF OF LOSS: *Sufficiency.* A written notice to an insurance company of a loss under its policy accompanied by an affidavit stating that the origin of the fire is unknown to the insured, and that the loss is total, entire and complete satisfies the

1  provision in the policy requiring satisfactory proofs of loss as well as the requirement of Code, section 1742, that notice in writing must be given to the company of the loss accompanied by an affidavit stating how the loss occured so far as known and the extent of the loss.

SAME. A proof of loss which complies with the statute and the

2  requirements of the policy is sufficient, although insured intended it only as a notice.

*Appeal from Union District Court.*—HON. W. H. TEDFORD, Judge.

MONDAY, OCTOBER 17, 1898.

ACTION on a policy of fire insurance.    Judgment for plaintiffs, and defendant appeals.—*Affirmed.*

*Sullivan & Sullivan* for appellant.

*Milligan & Lee* for appellees.

GRANGER, J.—I.   The plaintiffs, three in number, are the trustees of Dodge Center Methodist Episcopal Church. In June, 1893, the defendant company issued its policy of fire insurance to the plaintiffs, by which it insured, in the sum of one thousand dollars, the church building of said church and the furniture therein.   During the life of the policy, and on the eighth day of June, 1895, the insured property was totally destroyed by fire.   This action is to recover for the loss. The petition shows that notice and proofs of loss were furnished to defendant, and that the plaintiffs otherwise performed all the conditions of the policy on their part.   There was a demurrer to the petition, which the court overruled, and the defendant answered.   By both demurrer and answer a question is presented as to proofs of loss, and it is the only controverted question on the appeal.   It is admitted that plaintiffs furnished to defendant the following:

"To the Anchor Fire Insurance Co., Creston, Iowa— Gentlemen:   You are hereby notified that the church building, located on section 10, township 73 north, range 29 west of the 5th P. M., Union county, Iowa, belonging to the Dodge Center M. E. Church, and insured in your company, under and by virtue of policy No. 6,238, dated June 15, 1893, expiring June 15, 1899, was destroyed by fire on the night of the 8th day of June, 1896; that said destruction was total, entire and complete.   The Dodge Center M. E. Church, by J. H. Parks, J. E. Turner, and C. A. Elliott, trustees."

"State of Iowa, Union County—ss.   We, J. H. Parks, J. E. Turner, and C. A. Elliott, trustees of the Dodge Center M. E. church, on oath, first being sworn, each for himself

depose and say: That we are the trustees of the Dodge Center
M. E. Church located at section 10, township 73 north, in
range No. 29 west of the 5th P. M., in Union county, Iowa;
that the church building located on said section 10-73-29,
belonging to said Dodge Center M. E. church, and insured in
the Anchor Fire Insurance Company, of Creston, Iowa, under
and by virtue of policy 6,238, was destroyed by fire on the
night of the 8th of June, 1895; that the destruction was
total, entire, and complete; that we have no knowledge as
to the origin of the fire or the cause thereof.    J. H. Parks..
J. E. Turner."

The policy provides that in case of loss it shall be paid in
"sixty days after satisfactory proofs are received at the
office" of the company.    After the company received the above
notice and affidavit, its secretary wrote the plaintiff the fol-
lowing letter:    "Creston, Iowa, July 19th, 1895.    J. H.
Parks, J. E. Turner, and C. A. Elliott, Trustees Dodge Center
M. E. Church, Afton, Iowa.    Gentlemen:    We are in receipt
of your notice of loss under policy No. 6,238.    We now await
your proof of loss made in conformity with the requirements
of the policy, you having refused to hold any conversation
with our adjuster who was sent to investigate the loss reported
by you.    Yours, truly, Geo. J. Delmege, Secretary."    By an
amendment to the petition, plaintiffs attempted to plead a
waiver of proof of loss, other than as above set out, and the
parties are in contention as to the sufficiency of such a plea,
which contention we do not find it necessary to settle, for we
think the notice and affidavit are a full compliance with the
requirements of the policy.    It will be seen that the policy
provides no details for the proofs of loss, but merely says the
loss shall be paid "sixty days after satisfactory proofs are
received."    The statutory requirement is that before an
assured can recover, he must show that "he has given the com-
pany or association notice in writing of such loss, accompanied
by an adffiavit stating the facts as to how the loss occurred, so
far as they are within his knowledge, and the extent of the

loss." It is conceded in argument that the statutory requirment is the basis of the contract, and what must be observed. It is quite apparent that the notice and affidavit were made with the provisions of the statute in mind, for they seem to be almost a literal compliance with its requirements. It is true, the words "proof of loss" are not used in the paper furnished by plaintiffs, nor are such words used in the law. Importance is attached to the fact that the paper is not called by plaintiffs "proof of loss," but simply a notice. That it contains a notice is true, and a notice is required. It is further required that the notice shall be accompanied by an affidavit, and this is done. Appellant, both in pleading and argument, treats this statute as requiring proof of loss, and, we think, correctly so. We also think the "satisfactory proof" required by the policy means this statutory proof, for we assume that, in the absence of particular specification, an observance of the law would be satisfactory. We reach the question, then, does the law require more than is stated in the affidavit? The law requires that the affidavit shall show two things: *First*, how the loss occurred, when known; and, *second*, the extent of the loss. The affidavit in this case shows that the plaintiffs do not know how the fire occurred, and hence the statute does not require the fact to appear. It shows that the loss was the entire property insured. It is thought that such a statement does not show the extent of the loss within the meaning of the law. The law requires that the facts shall be stated showing the extent of the loss. It is urged that the affidavit should show the actual cash value of the church and of the personal property. We think not necessarily so. The insurable value of the church, under the terms of the policy, was eight hundred dollars, and that of the furniture two hundred dollars. The affidavit shows that all was destroyed. It seems to us that such a statement is one of fact showing the extent of the loss within the meaning of the law. Appellant thinks *Brock v. Insurance Co.*, 96 Iowa, 39, settles the point in its favor, but we do not so understand it.

It is true that in that case an affidavit is held insufficient as proof of loss, either under the law or the terms of the policy. The policy in that case was specific as to the facts to be shown in the proofs of loss, as to which there was not a compliance; and the statutory requirement was not met by stating the facts showing how the loss occurred, and it was not made to appear that such facts were not known. In this case it is made to appear that such facts were not known, and hence the requirement to show the facts is avoided.

Some importance is attached to the fact that one of the plaintiffs said in his testimony that the paper furnished defendant was only intended as a notice. That is said in one part of his testimony, but when all is considered a different meaning might be understood. But, with appellant's view, the legal effect is not different. The paper contains a notice and an affidavit as the law requires, and its sufficiency is not dependent on the intent of the trustees, but on the contents. If insufficient in statement, it would not amount to proof of loss, although so intended; nor, on the contrary, would mere intent take from a sufficient statement its legal effect.

Some question is made as to the admission of testimony by one of the trustees bearing on the question of waiver. With our view of the case, the question of waiver is not involved, and no prejudice could have resulted. The court could say, as a matter of law, that the proofs of loss were sufficient. The judgment is AFFIRMED.