HANOVER FIRE INS. CO. OF NEW YORK v. HUFF. (No. 433.)

(Court of Civil Appeals of Texas. El Paso. April 8, 1915.)

1. APPEAL AND ERROR ⊕⇒549—DECISIONS REVIEWABLE.

Where not presented by bill of exceptions, as required by rule 70 (142 S. W. xxii) for the county and district courts, the question of the denial of a continuance cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2441–2451; Dec. Dig. ⊕⇒549.]

2. EVIDENCE ⊕⇒471—OPINION EVIDENCE—CONCLUSION OF WITNESS.

In a suit on a fire policy, where the insurer brought out that insured had constructed one room inside of another apparently with the view of establishing that the inner room was built for gaming purposes, insured may explain the purpose for which it was built; such testimony being a statement of fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ⊕⇒471.]

3. APPEAL AND ERROR ⊕⇒926—REVIEW—PRESUMPTIONS.

In the absence of statements to the contrary in the bill of exceptions, it will be presumed that the court by proper inquiries satisfied itself as to the competency of witnesses before allowing them to give expert testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279, 2899, 3729, 3730, 3735–3747; Dec. Dig. ⊕⇒926.]

4. APPEAL AND ERROR ⊕⇒544—REVIEW—BILL OF EXCEPTIONS—NECESSITY.

The propriety of the admission of testimony cannot be reviewed without a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⊕⇒544.]

5. WITNESSES ⊕⇒258—EXAMINATION—TESTIMONY.

A witness testifying as to property destroyed by fire may testify that a carbon copy of the list attached to the proof of loss was a correct list of the property in the building burned.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 887, 893, 895, 896; Dec. Dig. ⊕⇒258.]

6. DEPOSITIONS ⊕⇒111—OBJECTIONS—NECESSITY.

When not urged by motion before announcing ready for trial, an objection that answer to

a question in a deposition was not responsive, the question being to give in detail the result of a fire and the answer being total loss, was waived.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 329–338; Dec. Dig. ⊙⇒111.]

'7. APPEAL AND ERROR ⊙⇒1051 — REVIEW — HARMLESS ERROR.

The erroneous admission of testimony is harmless where the fact testified to was established by other evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⊙⇒1051.]

8. PRINCIPAL AND AGENT ⊙⇒120—AUTHORITY—EVIDENCE.

Where a fire policy provided that the word "insured" should include the legal representative of the insured, and the insurer questioned the right of insured's agent to make proof of loss, evidence of a power of attorney is admissible.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 402–412; Dec. Dig. ⊙⇒120.]

9. APPEAL AND ERROR ⊙⇒1050 — REVIEW — HARMLESS ERROR.

The admission of the power of attorney of insured's agent, who made proof of loss, if erroneous, was harmless, where the sufficiency of the proof of loss was waived, as it did not tend to induce an improper verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⊙⇒1050.]

10. INSURANCE ⊙⇒560 — FIRE POLICIES — PROOFS OF LOSS.

Where proof of loss was defective because the notary before whom it was sworn was interested, the insurer, to raise that question, must object to it on that ground.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1393–1404; Dec. Dig. ⊙⇒560.]

11. INSURANCE ⊙⇒559 — FIRE POLICIES — PROOF OF LOSS—WAIVER.

Where a fire company denied its liability in toto, there was a waiver of irregularities in the proof of loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1391, 1392; Dec. Dig. ⊙⇒559.]

12. TRIAL ⊙⇒139—JURY QUESTION—WEIGHT OF EVIDENCE.

· The weight of evidence is for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ⊙⇒139.]

13. APPEAL AND ERROR ⊙⇒1070—REVIEW—HARMLESS ERROR.

Where judgment on a fire policy was only for $500, the fact that a finding that at the time of the fire the property destroyed was worth $1,000 was not warranted by the evidence was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. ⊙⇒1070.]

14. APPEAL AND ERROR ⊙⇒1070—REVIEW—HARMLESS ERROR.

Where a fire company denied all liability under a policy, error in a finding that there was no disagreement between it and the insured as to the amount of loss was immaterial.·

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. ⊙⇒1070.]

Error from El Paso County Court; A. S. J. Eylar, Judge.

Action by J. C. Huff against the Hanover Fire Insurance Company of New York. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Burges & Burges, of El Paso, for plaintiff in error. Moore & Harris, of El Paso, for defendant in error.

HARPER, C. J. This was an action brought in the county court of El Paso county, Tex., by the defendant in error, J. C. Huff, against the Hanover Fire Insurance Company of New York, to recover on a fire insurance policy issued by the plaintiff in error to defendant in error in the sum of $500, covering · certain household furniture and fixtures, wearing apparel, and household goods and furnishings. The company, upon several grounds, denied liability. Judgment was entered for appellee upon special finding by the jury for $500, from which this appeal· is taken.

[1] The first assignment is that the court erred in overruling the defendant's second application for continuance. The action of the court in this respect cannot be reviewed because not presented by bill of exceptions, as required by rule 70 (142 S. W. xxii) for the government of county and district courts. Marshall & E. T. Ry. Co. v. Blackburn, 155 S. W. 625; Waites v. Osborne, 66 Tex. 648, 2 S. W. 665; Railway Co. v. Hardin, 62 Tex. 367; Harrison v. Cotton, 25 Tex. 54; Campion v. Angier, 16 Tex. 93.

There appears, in the order overruling the motion for continuance, the exception taken by appellant to such action. This is insufficient and will not take the place of a proper bill of exception upon the subject, and the cases above noted set forth the reasons why there must be a proper bill of exception, and that a simple notation of an exception in the judgment entry is insufficient.

[2] The second assigns as error the action of the trial court in permitting the plaintiff to explain the purposes for which a room built inside of another could be used. The bill of exception in the record shows the objection to be addressed to the question, "Take that sketch that you have drawn of the house and explain fully the reasons for building that room in there as it was"; the reasons for the objection being that the testimony would be self-serving, etc., and not a statement of a fact. The counsel for defendant had, upon cross-examination, interrogated the witness about the room, apparently with a view of establishing that it was built for gambling purposes, and he had the right, upon redirect examination, to give his reason for constructing the room. Wade v. Odle, 21 Tex. Civ. App. 656, 54 S. W. 786. The statement as to his reason would be a statement of a fact. There was no error, and the assignment is overruled. Hamburg v. Wood,

66 Tex. 168, 18 S. W. 623; Browning v. Currie, 140 S. W. 479.

[3] The third and fourth assignments are that it was error for the court to permit the plaintiff to testify as to the value of the property destroyed by the fire. The bill of exceptions shows that the defendant objected to this testimony upon the grounds that:

"Witness had not shown himself qualified to speak of the cash value of the property in El Paso at the time of the fire; that he had not been shown to have had any experience in the purchase and sale of secondhand or used household furniture and wearing apparel, either in El Paso or elsewhere, therefore had not shown him qualified to express an opinion."

"The presumption, in the absence of a statement to the contrary in a bill of exceptions, is that the court satisfied himself by proper inquiry as to the competency of the witness to testify, * * * and the mere statement that the objection was on the ground that the witness had not shown himself qualified * * * is not enough to rebut this presumption. A party who seeks to raise such a question should show in a bill of exceptions, or in some proper manner, what examination, or that no examination, was made to test the qualification." Hardin v. Sparks, 70 Tex. 432, 7 S. W. 770.

. Besides, in this case, it is not clear that it was necessary for the witness to qualify as to market value of the goods destroyed. Pecos & N. T. Ry. Co. v. Grundy, 171 S. W. 318.

[4] The fifth is to the action of the court in permitting witness to testify to the articles in the house and their value at the time of the fire; the reason given being that witness had shown, by other statements in evidence, that he did not know what articles were in the house nor their value. The appellant has failed to cite us to a bill of exceptions supporting this assignment. Missouri, K. & T. Ry. Co. of Texas v. Maxwell, 130 S. W. 722. However, the reasons for the objections seem to be addressed more to the weight to be given to the testimony than to its exclusion.

The sixth assignment is without merit, and is for that reason overruled.

[5] The seventh is that the court erred in permitting to be read to the jury the answer of Mrs. Eva Huff as to the list of property alleged to have been destroyed, for the reason that it showed upon its face that it was a carbon copy of the list attached to the proof of loss, and not a memoranda made by her. The record does not disclose that the list mentioned was used by witness to in any wise refresh her memory as to any fact or item, but she simply swore that it was a correct list of the property in the house when burned. There was no error in permitting the list to be used as was done.

[6, 7] The eighth is that the court erred in not excluding the answer, by deposition, to the following questions: "Please give in detail the result of said fire, the extent of damages or injury to the house." The answer was: "Everything a total loss." The answer to this interrogatory was waived because not urged by motion before announc-

ing ready for trial. Chicago, R. I. & I. Ry. Co. v. Trout, 152 S. W. 1137. Besides, there were many witnesses who gave the details of the fire and testified to the condition of the articles of personal property in the house, and, if error to admit this answer, it is harmless.

[8] The ninth, that it was error to admit a power of attorney in evidence, because it did not tend to prove any issue in the case. The policy contained the following clause:

"Wherever, in this policy, the word 'insured' occurs, it shall be held to include the legal representative of the insured."

The defendant questions the right of the agent to make the proof of loss. For the purpose of proving the authority of the agent, it was admissible.

[9] If there were no issue in the case which this power of attorney tended to prove, we fail to see how it tended to induce an improper verdict, and the appellant has made no effort to show that it did.

[10] Tenth assignment: If it was error to admit the proof of loss in evidence because it was sworn to before the attorney for plaintiff as notary or because he had an interest in the subject-matter of the suit. Ryburn v. Moore, 72 Tex. 85, 10 S. W. 394. It was immaterial, because, if the proof of loss required by the policy was defective for this reason, the company should have objected to it for that reason. Insurance Co. v. Moriarity, 37 S. W. 628.

[11] Besides, the jury having found in answer to special issue that the company denied its liability in toto, and there is evidence to support the finding, in such cases the company waives the provisions requiring proof of loss. Connecticut Fire Ins. Co. v. Hilbrant, 73 S. W. 558.

This disposes of the thirteenth, which is that the thirteenth finding of fact by the jury is not supported by the evidence. The finding complained of is that the company received and accepted the proof of loss as in compliance with the terms of the policy. This was an immaterial issue under the facts of this case.

The fourteenth, questioning the finding of fact by the jury that the proof of loss was retained an unreasonable time, is overruled, for the reason that the proof of loss before suit was waived, by denying liability, as held under tenth assignment.

[12] The eleventh assignment urges that the finding by the jury that the property was damaged beyond further use is contrary to the weight of the evidence. There is evidence to support this finding by witnesses who are not in any wise impeached. The weight of the evidence is for the jury.

[13] The twelfth is that the finding by the jury that the cash value of the property immediately prior to the fire was $1,000 or more is not supported by the evidence. It is apparent that it is unnecessary to discuss this assignment, because the judgment was

for $500, and there is evidence to support it.

[14] The fifteenth, charging that the finding that there was no disagreement between the company and the assured as to the amount of loss is not supported by any evidence, overruled, because an immaterial issue. They did not agree upon an amount. The company had waived the provision of its policy requiring formal proof before suit or liability, by denying liability in toto; therefore it was immaterial whether there was any disagreement as to the amount of loss.

The sixteenth, seventeenth, eighteenth, and nineteenth, charging that certain findings of fact are not supported by the evidence, are overruled, because the findings are supported or are immaterial.

The twentieth in effect is that the court erred in refusing to render judgment for the defendant upon certain admissions of fact by the plaintiff. The answer is that after a careful search of the statement of facts, following the 40 odd suggestions by appellant under, or as a part of the assignment, we find no admissions which would have justified a judgment for appellant, but, on the other hand, find that the court properly rendered its judgment for plaintiff under the facts adduced and the findings of the jury.

It is therefore affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes