This suit was instituted by Morris Finance Corporation against C. W. Murphy, as maker, and J. H. Rushing, M. N. Kleiman, and L. Kleiman, as indorsers, on ten certain promissory notes for the sum of $80 each, and 15 per cent. attorneys' fees, as provided in the notes. The notes were secured by a chattel mortgage on a Packard automobile, which had burned after the execution of the mortgage, and the mortgagee in its petition expressly waived a foreclosure of its mortgage lien because the salvage was practically worthless. The maker and indorsers answered by general denial and various special pleas. One of these pleas by the indorsers was, in substance, that the mortgagee held a policy of insurance with the appellant insurance company protecting it and the maker and indorsers on the notes from loss by fire, that the automobile was destroyed by fire, and that the mortgagee had failed and refused to take any action whatsoever to recover on the policy, by reason of which it voluntarily surrendered securities given for the protection of the indorsers, and thereby relieved such indorsers from liability. *Page 361 
The answer of the maker and indorsers on the note impleaded the appellant insurance company, the allegations as to said insurance company being that a certain policy of insurance was executed by it through its agent, L. Y. Morris, to C. W. Murphy and L. Y. Morris Loan Company, as their interests might appear, for the sum of $800; that within a few days after the execution of said policy, the car, alleged to be of the value of $1,200 was destroyed by fire; that within thirty days thereafter Murphy had made proof of loss and demanded payment of the insurance company. Prayer was for judgment in favor of the maker and indorsers against the insurance company for the amount of the policy, and in the alternative that, if they were not permitted to recover on the policy, the finance corporation, plaintiff in the suit, have judgment against the insurance company for the use and benefit of the maker and indorsers. An alternative pleading of the same facts was made by way of crossaction against the finance corporation. Various and sundry demurrers and pleas of misjoinder were interposed by the insurance company, but the brief does not present these questions for decision.
The trial resulted in judgment in favor of the finance corporation against the maker and indorsers on the notes for the principal, interest, and attorneys' fees, and judgment for Murphy, the maker of the note, against the insurance company for $800, with interest at the rate of 6 per cent. from March 1, 1927, decreeing that the judgment in favor of Murphy should inure to the use and benefit of the indorsers. To accomplish this end, it was decreed that the judgment against said insurance company, when collected, should be paid into the registry of the court and credited on the judgment in favor of the finance corporation, and that execution on the judgment in favor of the finance corporation against the maker and indorsers on the notes should issue for the balance, after crediting the judgment with the amount collected from the insurance company.
The only issue submitted to the jury called upon it to determine the value of the automobile. This value was found to be $1,000. The insurance company alone has appealed.
It appears to us that the judgment in favor of the finance corporation against the maker and indorsers on the notes was erroneous, and that the indorsers pleaded and proved facts releasing them from liability, but no appeal was prosecuted from such judgment by the maker or indorsers. We are therefore limited to a determination of the assignments by the insurance company, in which it challenges the judgment rendered for Murphy against it on the policy of insurance.
The facts are, briefly stated, that L. Y. Morris was engaged in the insurance business as agent of the appellant company. He was also a partner in the business of L. Y. Morris Loan Company. This loan company engaged in the business of financing automobile sales. Subsequent to the loss in this case, the loan company was incorporated under the name of Morris Finance Corporation, the plaintiff in this suit, but that fact is immaterial in the disposition of this appeal.
As agent for the insurance company, Morris issued an insurance policy, called a blanket or master policy, to Morris Loan Company. The scheme of insurance appears to have had for its object the protection of the loan company from loss on automobiles financed by it. The policy provided for an insurance certificate to be issued on each automobile financed by the loan company. Murphy purchased a secondhand Packard car from Kleiman, one of the indorsers on the note. The amount of the purchase price remaining unpaid was about $700. This was financed by the loan company for $800, which was represented by the eight notes above mentioned, signed by Murphy and indorsed by the indorsers, the notes being payable to the loan company. As a part of the transaction, there was issued a certificate of insurance, which was never delivered to Murphy, but was retained by the loan company and attached to the notes. This certificate purported to insure "C. W. Murphy, Desdemona, Texas, and/ or L. Y. Morris Loan Company as their respective interests may appear." Upon this policy and certificate, the judgment appealed from was rendered by the trial court in favor of Murphy against the appellant.
The first proposition presents that the certificate, by its terms, provides severable contracts of insurance in favor of the mortgagor and mortgagee, and, since the mortgage against the car was for an amount equal to or greater than the amount of the policy, Murphy had no interest in the policy, and the only party having a right of action thereon was the finance corporation.
We agree with the contention that the policy provided severable insurance. Murphy's interest accrued only upon the reduction of the loan company's interest to an amount less than the face of the policy. We construe this certificate to mean that the loan company was the assured so long as its indebtedness against Murphy equaled or exceeded the amount of the policy and the mortgage was still owned by it, and that Murphy's interest attached only in the event the mortgage was released or reduced below the amount of the policy. We think the case of Stromblad v. Hanover Fire Ins. Co., 121 Misc.Rep. 322, 201 N.Y.S. 67, and the authorities there cited correctly construe these provisions of the certificate. But this holding does not mean that Murphy was a stranger to it and had no interest therein. The evidence discloses that he paid practically $100 for this protection. It was the plain duty of the *Page 362 
loan company to take such steps as were necessary for the collection of this policy. But since that company, for reasons evidently satisfactory to it, has seen fit to refuse to enforce its policy, but has come into court and voluntarily waived and surrendered its mortgage and abandoned its right to sue on the policy, clearly that right thereby vested in Murphy. When the insurance company surrendered its mortgage and took personal judgment against the maker and indorsers of the note, it thereafter had no interest whatever in the insurance policy, so far as same covered the car in question, and Murphy had the right to sue thereon. It would be manifestly wrong to permit the insurance company to escape liability on a policy issued by it on the ground merely that the Morris Loan Company, one member of which was the insurance company's agent, chose to release the company, waive its mortgage and take judgment against the maker and indorsers on the notes. We therefore overrule proposition No. 1, and hold that Murphy had the right to maintain this suit.
It is claimed that Murphy had no right to recover because he did not furnish the insurance company with a proof of loss in accordance with the provisions of the policy. In our opinion there is no provision of the policy or certificate requiring Murphy to give any proof of loss. As stated, the policy was a general blanket policy, issued some time prior to the issuance of the certificate to Murphy, designed primarily for the protection of the loan company on automobiles financed by it. The only assured named in the policy at all was the Morris Loan Company. Neither the policy nor the certificate was ever delivered to Murphy, and he is not shown to have had any knowledge of the contents of the policy or its requirements with reference to proofs of loss. The rule that forfeitures are not favored applies to fire insurance policies. We find no provision whatever imposing the duty to furnish proof of loss upon him. The certificate issued for his protection refers to the policy, and is subject to its terms and conditions, but in nowise provides that such terms and conditions as are prescribed in the policy to be performed by the loan company must be performed by him. Had he consulted the policy of insurance after the issuance of the certificate to ascertain his duties in the event of a fire, he would have found nothing in such policy imposing any duty upon him in that regard. We would not be warranted in declaring a forfeiture on the policy because of the breach of one of its provisions by Murphy, in the absence of a clear express duty upon him to perform the condition. Finding no such requirement in the policy and certificate under question, it is our opinion that a forfeiture cannot be decreed against him.
By the provision of article 4931, R.S. 1925, as interpreted by our Supreme Court in an opinion by Chief Justice Cureton in Camden Fire Insurance Co. v. Clayton, 6 S.W.2d 1029, no act or neglect of the mortgagor or owner shall prejudice the interest of the mortgagee or trustee under any fire insurance contract. In discussing this statute, Justice Cureton recognizes that it was merely a legislative adoption of the law as it had been declared in other jurisdictions. A study of the cases involving the correlative rights and duties of mortgagors and mortgagees in insurance policies, whether under what is known as the union mortgage clause or a loss payable clause, will disclose the rule to be that neither party shall be prejudiced by the acts or negligence of the other. The case of Stromblad v. Hanover Fire Insurance Co., supra, relied upon by appellant, uses this language: "The contract here under consideration being several, and not joint, a prohibited act done or permitted by one party without the knowledge or consent of the other will not work a forfeiture as to the other; it is not a joint act of both parties." See, also, Germania Fire Insurance Co. v. Bally, 19 Ariz. 580,173 P. 1052, 1 A.L.R. 488; Reed v. Firemen's Insurance Co., 81 N.J. Law, 523, 80 A. 462, 35 L. Rt. A. (N. S.) 343; Glens Falls Insurance Co. v. Porter, 44 Fla. 568, 33 So. 473.
We overrule the contention that the policy had become forfeited by the failure of Murphy to furnish proof of loss.
But we believe that Murphy substantially complied with the provisions of the policy with regard to the proof of loss, if a duty rested upon him in that regard. The testimony of Morris, the insurance agent, discloses that, some time after the fire and after the adjuster had visited Eastland, and, in company with Morris, the agent, had gone to Desdemona to view the car, Murphy came to Morris' office and filled out what was called a notice of loss. This notice of loss was on a printed form, containing many questions with blanks provided for the answers. While the agent testified that this was a notice entirely separate and distinct from a proof of loss, yet that is immaterial. No notice of loss was required, because the provision with reference thereto was void under article 5546, R.S. 1925, and, if the information contained in this so-called notice of loss substantially complied with the requirements of the policy with reference to a proof of loss, it is of no importance that it was not intended as a proof of loss. Parks v. Anchor Mut. Fire Ins. Co., 106 Iowa 402, 76 N.W. 743.
This notice of loss informed the company of the time and place of the fire, the character of title possessed by Murphy, the amount of the mortgage, and the name of the mortgagee. It does not state the belief of Murphy as to the origin of the fire, as provided in the policy, but it did state the names of the witnesses to the fire. It would certainly be of more *Page 363 
benefit to the company to know the exact date and time of the fire and the names of the witnesses thereto, than to be furnished with the belief of Murphy as to its origin. This notice was not sworn to, an omission for which Murphy was not responsible, because the agent did not call on him to swear to it. No objection of any nature was ever urged to this notice. It is not required that such notice should be satisfactory to the insurer, but it is a question for the court to determine whether or not a notice substantially serves the purpose intended by the provision for a proof of loss. We believe the purpose of the provision was substantially complied with by the notice of loss filed by Murphy. Commercial Union Assur. Co. of London v. Meyer, 9 Tex. Civ. App. 7, 29 S.W. 93; Merchants' Ins. Co. of New Orleans v. Reichman (Tex.Civ.App.) 40 S.W. 831; Hanover Fire Ins. Co. of New York v. Huff (Tex.Civ.App.) 175 S.W. 465; Fidelity Phenix Fire Ins. Co. v. Sadau (Tex.Civ.App.) 178 S.W. 559; 14 R.C.L. 1337, § 507; 26 C.J. 376, § 483.
It is presented as a question of fundamental error that the real issues involving the liability of appellant were not submitted to the jury, and that a judgment cannot be based upon the answer to the single issue of the value of the automobile. The holding of this court in Ratcliffe v. Ormsby, 298 S.W. 930, is cited as authority for this proposition. The brief nowhere suggests what other issues of fact there were in the record which should have been submitted. It would manifestly not be required of the court to have the jury construe the effect of the policy, the certificate, or the notice of loss. There is no issue whatever on the question of whether the automobile burned. We are therefore unable to say that there was an issue, other than the issue as to the value, which should have been determined by the jury.
It is also presented as fundamental error that the judgment was erroneous in providing for interest from March 1, 1927. We do not think this is a question of fundamental error, as it calls for an examination of the statement of facts to determine whether proof of loss was required and when it was to be furnished. We will state, however, that the notice of loss, which we have held to be sufficient as a proof of loss, was executed 60 days prior to March 1, 1927, and interest was properly allowed.
We do not believe that a reversible error was committed by the trial court as against the appellant, and its judgment will therefore be affirmed.
 On Appellant's Motion for Rehearing.
In our original opinion, in the course of our discussion of the question of the proof of loss, we stated that no notice of loss was required, because the provision with reference thereto was void under article 5546, R.S. 1925. In its motion for rehearing appellant calls our attention to the fact that the policy provides, in substance, that, if any of the terms or conditions thereof conflict with the laws of any state within which coverage is granted, such conflicting terms or conditions shall be inoperative, and any specific statutory provisions in force shall supersede any condition of the policy inconsistent therewith. The effect of this provisional policy was to substitute the statute for the provision regarding notice. Travelers' Insurance Co. v. Scott (Tex.Civ.App.) 218 S.W. 53; Texas Glass Paint Co. v. Fidelity Deposit Co. of Maryland (Tex.Com.App.) 244 S.W. 113.
However, the opinion is in nowise affected by this correction, as the ruling on the question of proof of loss does not turn upon that consideration. Our view is that, if the instrument furnished served all the purposes of a notice and proof of loss, a policy will not be forfeited because two instruments were not furnished instead of one.
The motion for rehearing will be overruled.