### FRANKLIN FIRE INS. CO. OF PHILA-DELPHIA v. ORR.

#### No. 3956.

Court of Civil Appeals of Texas. Texarkana. Feb. 13, 1931.

Rehearing Denied Feb. 26, 1931.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Joe Hughes and H. H. Taylor, both of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

The first and second assignments of error are considered together as raising the same point. By the first assignment of error, the complaint is made of the refusal of the court to give the appellant's requested peremptory instruction to the jury to return a verdict in its favor. By the second assignment of error, the complaint is made of submitting to the jury for finding of the reasonable cash value of the property destroyed by fire at the time and place of the fire. As appears in the statement of facts, the insured testified by deposition, besides other matters, as follows: "I had my household goods insured in the Franklin Fire Insurance Company of Philadelphia for $1,000.00. The list and the description of the furniture stated in the proof of loss and the value thereof is true and correct to the best of my knowledge and belief. Proof of loss herewith attached and marked 'Exhibit A.'"

The proof of loss referred to by the insured showed a full list of property with description and value, for instance: "One player piano, $450.00, one bedroom suite, $125.00, one dining-room suite, $150.00, one gas range, $100.00." The list contained a further description than above set out of all the property insured with the quantity and cash value of each item. Some confusion seemingly arises as to the "proof of loss" referred to by the insured because the court first sustained objection to the written proof of loss and did not permit it to be considered as "determining the value of the property destroyed by fire." The court at the time stated that "proof of the value will have to be shown in a different way," evidently meaning that, in the absence of further evidence, the instrument itself could not be regarded as sufficient proof of value. After this ruling, though, the insured was further asked to state if the "proof of loss and the value thereof was true and correct." The objections to the question were all overruled by the court, and the insured was permitted to answer that the loss and value in the proof of loss was correct. The latter ruling was intended to have the effect to authorize the jury to consider the written proof of loss in connection with the oral evidence in determining the value of the property at time of the fire. In this view, the question for decision would be whether or not there is any competent evidence of loss and value for the jury to consider. As appears, the insured, in her evidence as given above, was fairly endeavoring to state the kind of property, the quantity, and the cash value of the same, as insured and when destroyed by fire, with the aid and use of the written memoranda. The written instrument was produced, and she knew that the facts were correctly stated therein and when the facts were fresh in her memory. If at the time when an entry of aggregate quanti-

ties and values was made the witness knew it was correct, it is difficult to say why it is not at least as reliable as is the memory of the witness. Such is the ordinary memory that few witnesses would be able to testify as to quantities, sums, and values if they were not permitted to refer to proper writings or documents which they knew to be correct when made. It is believed there was competent prima facie evidence at least of loss and value, and the assignments of error must be overruled. Republic F. Insurance Co. v. Weide, 14 Wall. 375; 20 L. Ed. 894.

■ By the third assignment of error it is contended that the court erred in overruling the plea in abatement. It is pointed out that the proof of loss was not in compliance with the requirements of the policy.. Although the proof of loss was made 118 days after the fire occurred, and not within 91 days thereafter, as provided in the policy, yet the trial court's conclusion must be upheld, as supported by evidence, that the circumstances were such as to excuse the delay. The insured was absent in another state and was entirely ignorant of the fire and loss. Sun Mut. Insurance Co. v. Mattingly, 77 Tex. 162, 13 S. W. 1016; 33 C. J. § 663, p. 15. But the objection principally urged by appellant was that the proof of loss as made was inadequate as such as having too few of the features required by the policy. This contention must depend upon whether or not, in view of all the special facts, there was a substantial compliance with the information called for by the policy. The insured was asked by the interrogatories of the policy to state her knowledge and belief as to the origin and time of the fire, and she answered giving the "time" of the fire as being "on or about August 19, 1929." According to the undisputed evidence, the insured was in California and had no knowledge or information as to the "origin" of the fire. She was asked to state her interest and that of "all others" in the property, and she answered that all the property was "my individual property." She was asked to state the cash value of each item with the amount of the loss, and in answer she set out a full list of the property, quantity and value. She further answered that the property listed "was destroyed by fire." She answered that the company carrying her insurance was the "Franklin Fire Insurance of Philadelphia." She was asked to state, and she answered, "by whom and for what purposes" the several parts of the building were occupied. The oral evidence offered showed without dispute that the facts stated in the proof of loss were true and were all the facts existing. It was not contemplated by the policy that the insured should go further and negative conditions sought to be inquired into when such conditions are shown without dispute did not in fact exist. It is believed that the proof of loss was a substantial compliance with the requirements of the policy and was not inadequate as such.

■ By the fourth assignment of error, complaint is made of admitting a copy of a letter in evidence which the insured had written to the appellant company. The letter related to the proof of loss. The original, rather than the copy, may be regarded as better evidence, but the contents of the letter were immaterial, and reversible error may not be predicated upon the court's ruling.

The judgment is affirmed.