**PIEDMONT FIRE INS. CO. et. al. v. DUNLAP.**

No. 11982.

Court of Civil Appeals of Texas. Galveston.

June 24, 1948.

Rehearing Denied July 15, 1948.

See also 193 S.W.2d 853.

Chilton Bryan and S. G. Kolius, both of Houston, and Terry, Cavin & Mills, of Galveston, for appellants.

Markwell & Stubbs, of Galveston, for appellee.

MONTEITH, Chief Justice.

Three separate actions were brought by appellee, Ernest Dunlap, to recover an aggregate sum of $4500 on policies of insurance issued by appellants, Piedmont Fire Insurance Company, the Continental Insurance Company of New York and the Commercial Fire Insurance Company of New York, covering the furniture, fixtures and stock of merchandise located in a restaurant owned and operated by appellee near League City, Texas, which was destroyed by fire on June 17, 1944.

Appellants answered by defensive pleas and by special pleas of failure by appellee to comply with the provisions of said insurance policies, including the "non waiver", the "sworn proof of loss", and the "sole and unconditional ownership" clauses of the policies of insurance sued on.

By supplemental petition appellee pled a substantial compliance with all provisions in said insurance policies. In the alternative he pled acts on the part of appellants amounting to a waiver of the provisions relied upon by appellants as defenses.

The facts involved in the three suits were similar in practically all respects and they were consolidated for trial and appeal.

In answer to special issues submitted the jury found, in substance, that appellants' adjuster, H. M. Pate, told appellee that his loss would be paid according to the amount of loss sustained by reason of said fire and that appellee, relying on this statement, had delivered to Pate, within 91 days after the fire, a proof of loss substantially complying with the provisions of said in-

998

surance policies; that Pate had waived the provisions of said insurance policies and had told appellee that it would not be necessary for him to file any further books or records with him; that the appellants had also waived the "iron safe" and "record warranty" clauses of said insurance policies and had found that appellee was the sole and unconditional owner of the insured property. The jury further found that H. M. Pate had told appellee his claim could be settled in his absence and that if he would execute a power of attorney in favor of his brother he could "ship out" and that appellee had "shipped out" in reliance on the statement that his claim would be settled with his brother.

Judgment was rendered in favor of appellee and against appellants for the face amounts of said insurance policies.

Appellants complain of arguments to the jury by appellee's counsel which were alleged to have been of a nature calculated to prejudice the minds of the jury and not to have been based on substantial testimony. They complain of the refusal by the trial court to submit to the jury certain requested issues which were alleged to affirmatively present facts properly raised by pleadings and established by proof which, if true, would have established their defenses to appellee's causes of action. They further contend that judgment should have been rendered in their favor for the alleged reason that the undisputed testimony shows that appellee failed to comply with the provisions of said policies for "sworn proof of loss", "the sole and unconditional ownership" and "record warranty" clauses of the policies sued on.

Appellants complained of the following arguments by Mr. Decker, counsel for appellee: "I will tell you exactly what I think happened, and it isn't a very nice thing to say. Ernest Dunlap told Mr. Pate he was thinking of shipping over seas. 'That is all right. Go ahead and ship overseas.' Remember, gentlemen, this was right in the middle of the war. A lot of people were not coming back. 'You go ahead and ship overseas'" and the following argument by appellee's counsel, Mr. Markwell, "'Go ahead, Ernest. Ship on

out. Everything will be O.K.' well, there was an awfully good chance that Ernest wouldn't come back * * * and if he didn't come back, gentlemen, how much would the companies have saved then? He wouldn't be here to testify and tell you of these conversations with Pate. 'Sure, ship on out. Go ahead. Leave a power of attorney with your brother, and everything will be all right.'"

This contention cannot, we think, be sustained.

Appellee testified that, after he had delivered his books and papers to Mr. Pate, including an inventory of the property destroyed in said fire and Mr. Pate had told him that it would not be necessary for him to furnish other books or records, he had made inquiry of Mr. Pate as to whether it would be possible for him to join the merchant marine service and to leave the country before his claim under said insurance policies was settled and that he had been advised by Mr. Pate that nothing further would be required of him and that he could execute a power of attorney authorizing his brother to settle his claims for him and leave the country or "ship out" as he expressed it, and that the loss would be settled in his absence according to the loss sustained.

It is the settled rule in this State that in arguing a case to a jury, an attorney may with propriety freely discuss or comment on such facts as are in evidence or admitted in the pleadings and that he may give his view of the evidence, explain and interpret it, and discuss its weight and probative effect or want thereof. 41 Tex. Jur. p. 769.

It is also the settled rule that an attorney in argument may draw from the facts and circumstances in evidence any inferences and deductions that are reasonable and fair and that the court may not restrict him to any certain view of the facts or the deductions to be drawn therefrom. It is held that this liberty of speculative deduction in presenting cases to juries is wide and that counsel is permitted in his argument to state to the jury such facts as he, in good faith, draws from all

the circumstances of the case, and what would be very likely to follow if such inferences should turn out to be correct. Counsel may ordinarily state all proper inferences from the evidence, and draw conclusions therefrom in his own way of reasoning, although they may be illogical or improbable and he may argue any hypothesis supported by the evidence, even though there is evidence to the contrary. 41 Tex. Jur. page 772.

In the case of Marvin Drug Co. v. Couch, Tex.Civ.App., 134 S.W.2d 356, 362, it is said that " * * * a rather wide range is always allowed counsel in their arguments before juries so long as they confine themselves to deductions, discussions, explanations, or interpretations of the testimony and the charge of the court."

See also Ortiz Oil Co. v. Luttes, Tex. Civ.App., 141 S.W.2d 1050; Pure Oil Co. v. Crabb, Tex.Civ.App., 151 S.W.2d 962, error refused; Massie v. City of Floydada, Tex.Civ.App., 112 S.W.2d 243.

The arguments of appellee's counsel complained of in the instant case were, we think, sufficiently supported by this evidence to sustain the action of the trial court.

■ There was, we think, no error in the trial court's refusal to submit to the jury appellants' requested issues which were alleged to affirmatively submit their defenses to appellee's cause of action, for the reason that the requested issues were either substantially covered or were specifically found to have been waived in the issues submitted in the main charge on what we deem to be sufficient evidence.

■ While a defendant is entitled to an affirmative submission of his defensive issues, the refusal to submit such issues is not reversible error where the requested issues were substantially covered, as they were in the court's main charge in the instant case. Schuhmacher Co. v. Holcomb et al., 142 Tex. 332, 177 S.W.2d 951.

Appellant's contention that the judgment of the trial court should be reversed for the reason that it fails to take cognizance of or give proper effect to the existence of the nonwaiver agreement in the policies of insurance under consideration cannot, we think, be sustained.

■ While it is undisputed in the record that appellee voluntarily signed a nonwaiver agreement prior to the negotiations relied upon by appellee to establish a waiver of the terms of the policies of insurance under consideration, this agreement is, we think, without legal effect in this appeal for the reason that the court's judgment is based on findings by the jury on what we deem to be sufficient evidence that appellee had substantially complied with the provisions of said policies of insurance.

The jury found in answer to special issues Nos. 4, 13 and 16, that appellee had a proof of loss substantially complying with the provisions of said insurance policies; that he had kept such books and records as to substantially comply with the provisions of the policies and that appellee was the sole and unconditional owner of the insured property. In answer to special issues Nos. 1, 6a, 9, 10 and 12, the jury found that after the fire appellants' adjuster had told appellee that the loss would be paid, and in answer to special issues Nos. 2, 3, and 7, it was found that appellee had expended time, money and labor and had "shipped out" as a result thereof.

■ Further, this court, speaking through Justice Graves, in the case of Piedmont Fire Insurance Company v. Ladin, Tex. Civ.App., 174 S.W.2d 991, 993, said "From these decisions the rule seems to be that such nonwaiver agreement did not preclude a subsequent agreement by the adjuster to pay the fire loss, where the insured so furnished additional proof thereof at the expenditure of time, money, and trouble on his own part."

The following cases are in accord with the rule above announced: Universal Automobile Ins. Co. v. Morris Finance Corp., Tex.Civ.App., 16 S.W.2d 360 (writ refused); Liverpool & London & Globe Ins. Co. v. Dillon, 4 Cir., 16 F.2d 774; Franklin Fire Ins. Co. v. Orr, Tex.Civ.App., 36 S.W. 2d 576.

We have carefully considered all points of appeal presented in appellants' brief and finding no reversible error therein, the judgment of the trial court will be in all things affirmed.

Affirmed.