Thos. Dwyer v. The Continental Ins. Co.

(Case No. 2029.)

1. CIRCUMSTANTIAL EVIDENCE. — In a suit to recover on a policy of insurance for loss by fire, where the defendant charges that the fire was caused by the procurement or consent of the insured, every circumstance which throws light on the motives of defendant is admissible in evidence; such as over-insurance; proof of loss in excess of the value of the property destroyed; the assignment of the policy after loss in a manner out of the usual course of business or for an improper purpose; the disposition of goods just before the burning, out of the usual course of business, and other like facts, may be inquired into. The declarations of persons present at the fire, who had no interest in the matter, are, however, not admissible.

APPEAL from Austin. Tried below before the Hon. L. W. Moore.

Suit by appellant, as assignee of one A. M. White, on a policy of fire insurance of $2,500 issued to White by appellee, upon a stock of goods in Brenham, Texas. A change of venue was taken to Austin county, where the last trial was had.

The defense alleged was the fraudulent burning of the goods by White, or by his procurement.

Judgment for defendant.

There were four other policies held by plaintiff as assignee, and upon which suits were pending also against the respective companies. Three of these were for $2,500 each and one for $5,000. An agreement had been made for the trial of but one case. A further agreement had been made and entered of record, whereby defendant abandoned its defense as to the sufficiency of the proofs of loss and admitted the same. Also agreed that the cause should be tried upon its merits, upon the cause of the fire, and the value of the goods lost, alone.

The bill of exceptions taken by plaintiff shows that:

" The defendant offered in evidence the proofs of loss and notice of loss furnished by the assured, A. M. White, to the defendant and other insurance companies, and especially the clause in said proofs of loss wherein White stated that said policy was hypothecated before the loss with Dwyer for money borrowed of him, and after said loss was assigned to Dwyer. To this evidence plaintiff objected because it was irrelevant to any issue in the cause, and calculated to create a false issue and mislead the jury. The objections were overruled. The clause of the proofs of loss read thus: ' Before said loss I hypothecated said insurance policy with Mr. Thomas Dwyer as security for money, and have since said loss assigned the same to him. You will therefore pay said sum to Thos. Dwyer.' "

*Seth Shepard, C. C. Garnett* and *Bell & Shelburne,* for appellant, cited: Tucker *v.* Hamlin, 60 Tex., 171; G., C. & S. F. R. Co. *v.* Levy, 59 Tex., 542, 563.

*Sayles & Bassett* and *Breedlove & Ewing,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— Under the agreement of the parties, made to facilitate the trial, the sole issues were as to the cause of the fire and the value of the goods lost.

The defense was that the fire was caused by the procurement and consent of the insured, and the evidence tending to support this was circumstantial.

In view of the nature of the defense, and the impossibility of sustaining it by direct proof, the appellee was compelled to resort to the circumstantial evidence found in the record.

In such a case every fact which may throw light upon the transaction, as by illustrating the motive which may have caused the insured to procure the burning of his own property; facts which go to show that there was over-insurance on the property; proof of loss in excess of that actually sustained; the assignment of policy after a loss in a manner other than in the usual course of business, or for an improper purpose; the disposition of goods in an unusual manner just before the burning, and other like matters, may be looked to, in connection with the other evidence in a cause, for the purpose of ascertaining whether such facts existed as are made the defense in this case.

We are, therefore, of the opinion that the court did not err in permitting proof of loss made to the appellee and other insurance companies by White to go before the jury with all the declarations

therein contained as to the manner in which appellant held the several policies at the time the fire occurred, there being no controversy as to the latter fact.   Nor did the court err in admitting evidence to show that the policies, after the fire, were transferred to appellant without consideration.

The statement of the insured was:   "He (appellant) did not pay me anything when I transferred the policies to him.   He has not paid me anything since."   "I made the transfer of the policies to Dwyer about 7 o'clock Monday morning, December 1, 1879.   My purpose was to have Mr. Dwyer fight the insurance companies — to fight the companies and pay himself and creditors."

This action was brought in Washington county, where the goods were burned, and upon application of the appellant the venue of the case was changed to Austin county.   At the time the store-house was burned, White was in Galveston, and the theory of the defense is that the house was fired by one of his clerks.   The fire occurred in the night, and, as is usual, many persons collected around it. These facts being shown, a witness for the defendant, over the objection of the plaintiff, was permitted to state that:   "There was some talk of arresting all of the clerks that night for complicity in the fire.   Thomas Dwyer said to me:   'You need have no fear; if you and Loeb are arrested I'll go your bail, but Allen can go to jail."

We are of the opinion that the first part of this statement should not have been admitted.

It was but the statement of what persons said who were present at the fire, which under no known rule of law was admissible.

The parties making the declarations were not shown to have been so connected with the transaction, or with the persons whose interests seem to be affected by them, as to make them admissible as *res gestæ*.

The declarations may have been but fair expressions of the opinion of those persons who were present at the fire, or cognizant of the circumstances; but the rights of persons cannot be disposed of in a court of justice upon public opinion.

Such rights must be established by the sworn testimony of witnesses, or the admissions of parties as to facts, and not by proof of statements as to what the popular belief was, upon a matter on which rights depend.

The change of venue was most probably secured to escape from the effect of a popular belief, which may have existed, as to the cause of the fire, and the course pursued had the effect practically

to place in the possession of the jury trying the cause the belief of the people present at the fire.

The declaration of the appellant, taken in connection with the other evidence, was probably admissible, but in view of another trial comment will not be made upon the evidence bearing upon this question.

The other matters assigned as error will probably not arise on another trial and will not be considered.

For the error mentioned the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 20, 1885.]