LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY v. M. A. JOY.

Decided May 1—October 23, 1901.

**1.—Insurance—Evidence—Willful Burning.**

It was not competent for a plaintiff upon the issue that he willfully burned the building for insurance upon which he was suing, to show indirectly that he had not been indicted therefor by evidence that no one had been so indicted.

**2.—Charge—Various Defenses—Failing to Establish Any.**

See opinions, original and on rehearing, as to error in charging against a defendant presenting several defenses if he "failed to establish any of them."

Error to Kaufman. Tried below before Hon. J. E. Dillard.

Joy sued the insurance company and recovered judgment from which defendant prosecuted writ of error.

*Alexander & Thompson* and *A. H. Dashiell,* for plaintiff in error.

*Robert L. Warren* and *Davis & Garnett,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—M. A. Joy brought his suit as assignee of C. Van Ordstrand upon a policy of fire insurance for $4000. The company interposed four different defenses, one being that Van Ordstrand procured one Albert Collins to burn the building. The trial court submitted these several issues to the jury, and then instructed them in these words: "The jury are instructed that the burden of proof rests upon the defendant to establish by a preponderance of the evidence some one of its pleas set up to defeat plaintiff's cause of action, and if it has failed to so establish any of them your verdict should be for plaintiff for the full amount claimed by him."

The insurance company, seeking to reverse the judgment rendered against it, complains of this paragraph of the charge because it, in effect, instructed the jury that the company, in order to defeat the plaintiff's right to recover, must establish all of the several defenses set up

by it. This complaint is well founded. The latter clause of the charge quoted, giving to the words used their ordinary signification, means that if the defendant failed to establish any one of the defenses set up by it, the jury should return a verdict for the plaintiff. Of course, this was not a correct statement of the law, and it is no answer to say that in other portions of the charge the jury were otherwise instructed. If this be conceded, the court's charge was contradictory and left the jury without any proper guide as to the law of the case. Railway v. Conroy, 83 Texas, 217; Davis v. Railway, 17 Texas Civ. App., 199; Railway v. Robinson, 73 Texas, 283; Baker v. Ash, 80 Texas, 356. For the error pointed out the judgment will be reversed.

In reference to the objection to the testimony of the witness Dashiel, it is sufficient to say that while the plaintiff had the right to show that the witness Collins, who testified that Van Ordstrand procured him to burn the house, had not been criminally prosecuted for so doing, we do not think it was proper to allow the evidence to take so wide a scope as to show that no one had been indicted for burning the house. In this indirect way proof was made before the jury that Van Ordstrand had not been indicted for burning his house, and such proof was not admissible over the objection of the defendant. Van Ordstrand owned the property covered by the insurance, and if he procured Collins to burn it, as testified to by Collins, the plaintiff was not entitled to recover the insurance, regardless of whether the grand jury had or had not indicted Van Ordstrand.

The mistake in the court's charge in using the name "M. C. Roberts," instead of "B. S. Roberts," was perhaps a clerical error, but it should be corrected upon another trial.

The assignments of error presenting other questions are overruled.

### ON MOTION FOR REHEARING.

KEY, ASSOCIATE JUSTICE.—After further consideration the writer is disposed to recede from the ruling made by this court in its former opinion, holding that the trial judge's charge on the burden of proof was erroneous; but he is not authorized by the court to do more than suggest, that upon another trial the charge be so framed as to obviate the objection urged against it. This can be easily done by changing the last phrase so as to read: "If it [the company] has failed to establish at least one of its defenses" etc.; instead of "if it has failed to establish any one of them," as the charge now reads.

But this court is still unanimously of the opinion that the trial court erred in admitting the testimony of the witness Dashiel, as pointed out in our former opinion, and as that testimony may have influenced the jury in deciding against appellant, the judgment of this court awarding a new trial was correct, and this motion will be overruled. Motion overruled.

*Reversed and remanded.*