M. A. JOY v. LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY.

Decided May 13, 1903.

**1.—Opening and Conclusion—Admission—Fire Insurance Case.**

Where defendant in an action on a fire policy entered an admission in the language of rule 31, that plaintiff had a good cause of action as set forth in his petition, except as defeated by facts of the answer constituting a good defense,—such defenses being that the insured had induced the burning of the property and had falsely represented the value of a certain article thereof,—he was entitled to open and conclude, the burden of proving such defenses being on him.

**2.—Same—Charge Eliminating Other Defenses—Jury.**

Where, upon such admission being made, the court's charge expressly restricted the jury's consideration to the first of the two affirmative defenses stated, all other defensive matters pleaded were thus eliminated, and plaintiff was not prejudiced by reason of the answer being read to the jury, and taken with them in their retirement.

**3.—Fire Insurance—Harmless Error.**

Where the jury must have found in favor of a defense going to the entire claim sued on, to wit, that the insured had caused the property to be burned, failure of the court to sustain exceptions to another defense pleaded as to only a part of the property, was harmless error.

32 Civil—28.

**4.—Deposition—Quashal—Impeachment—Predicate.**

Where a deposition has been quashed it has no value as evidence, and is not admissible to impeach the testimony of the witness as given in another deposition unless the proper predicate has been laid by asking the witness as to the statements therein, nor can it be introduced by the opposite party to show that the party who had it taken had resorted to improper means to procure and color testimony.

**5.—Fire Insurance—Issue of Arson—Evidence.**

Where in an action on a fire policy, the issue of arson is raised, all circumstances tending to prove criminal intent and the guilt of the party charged, are admissible in evidence.

**6.—Same—Action by Assignee—Evidence.**

Where an assignee of a fire policy sues for the loss, evidence which would have been admissible had the suit been by the insured is admissible against the assignee.

**7.—Same—Conspiracy—Declarations of Insured.**

Where in an action on the policy by an assignee thereof, a conspiracy between the insured and another to burn the property is shown, declarations made by the insured, either before or after the fire, tending to corroborate the testimony given by his coconspirator, and to show that the property was destroyed in pursuance of the conspiracy, were admissible as original evidence in the nature of confessions or declarations against interest.

**8.—Same—Declarations of Coconspirator.**

It was competent to prove by a witness a conversation between the insured and his coconspirator in which insured, speaking of the fire, asked the latter to stand pat and not tell anybody, and the reply of the latter that he would not.

**9.—Same—Letters.**

So, letters were admissible written by the insured to the coconspirator after the fire showing an anxiety to have the latter secretly leave his employment and go to the home of the insured, and offering him employment.

**10.—Same—Proof of Mortgage—Motive.**

Proof of the fact that the insured had mortgaged the property, and that the mortgage debt was about due, was admissible as tending to show a motive for burning the property.

Appeal from the District Court of Kaufman. Tried below before Hon. J. E. Dillard.

*Robt. L. Warren* and *Davis & Garnett,* for appellant.

*Alexander & Thompson, A. H. Dashiell,* and *James Young,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Appellant, plaintiff below, sued appellee, defendant below, to recover $4000 on a fire insurance policy issued on the 6th day of August, 1897, by the defendant to C. Van Ordstrand for that sum, covering its proportionate part of $1500 on building, $4500 on general ice machinery, foundations, settings and connections, $2500 on engines, boilers, their connections, foundations and settings, $4000 on machinery, dynamos, exciters, lamps, switches, wire and other appliances, aggregating $12,500 of insurance on an electric light and ice plant building and the machinery and supplies therein situated, loss

if any payable to the Harris National Bank of Terrell, Texas, as its interest might appear.

Plaintiff alleged a total loss of the property by fire occurring on August 15, 1897; that immediately after the fire Van Ordstrand made out proofs of the loss in compliance with the terms of the policy, and delivered same to defendant, but that it denied any liability under the policy and waived any proof of the loss; and that afterwards the policy was duly assigned to plaintiff, who is the owner and holder of the same.

The defenses plead were (1) that the issuance of the policy was fraudulently procured by misrepresentations on the part of the assured in reference to the ownership of the property; (2) that defendant's permission for the existence of $12,500 concurrent insurance was procured by false and fraudulent representations; (3) that after the loss by fire the assured was guilty of fraud and false swearing within the terms of the policy, in that he claimed a loss largely in excess of the true loss; and (4) that the fire which destroyed the property originated by the act, design and procurement of Van Ordstrand, the insured.

The trial of the case resulted in a verdict and judgment for the defendant.

Before the commencement of the trial the defendant, for the purpose of obtaining the right to open and conclude in adducing the evidence and in the argument of the cause, filed a written admission in the language of Rule 31 of the District Court, that plaintiff had a good cause of action as set forth in his petition, except so far as it might be defeated, in whole or in part, by the facts of the answer constituting a good defense, which might be established on the trial. After the admission was filed and entered of record, the right to open and conclude was accorded the defendant by the court.

The action of the court in according defendant this right is made the basis of the first assignment of error. The substance of the propositions asserted under this assignment is (1) that when an answer is voluminous, containing a general denial and special denials of extent of loss, the value of the property, etc., it is not sufficient for the defendant to file an admission in the language of the rule, but he should plainly specify which of the allegations in the plaintiff's petition he admits to be true, and what defenses are relied on by the defendant, so that there may be no confusion or uncertainty concerning the issues to be tried.

"An admission made in the very language of the rule must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover, but does not admit allegations in the petition which merely deny matter alleged in the answer, the burden of proof of which is upon the defendant." Smith v. Traders Nat. Bank, 74 Texas, 545. Such an admission confines the defense to the specific matters set up by the defendant. Assurance Co. v. Munger, 49 S. W. Rep., 276. The court in its charge so construed the admission when it stated: "The defendant in writing has, in substance, admitted the

execution of the policy, and plaintiff's ownership of the same; that the property insured exceeded in value $15,000, its total destruction by fire, and the receipt of the proofs of loss. Under said admission the defendant can now rely only upon its allegations that Van Ordstrand induced Albert Collins to burn the property insured, which, if true, will defeat any recovery, and upon its allegation that Van Ordstrand misrepresented his title to the Arctic ice machine, which defense, if true, will reduce the plaintiff's recovery to $3305. You will therefore find for the plaintiff in the sum of $5153, unless you find for the defendant, in whole or in part, under the instructions hereinafter given you." The subsequent part of the charge relates, and the evidence was confined solely, to the allegations of the two defenses, which are in the nature of confessions and avoidance. The burden was upon the defendant to establish one or the other of these defenses in order to defeat plaintiff's cause of action, either in whole or in part. If its evidence established that Van Ordstrand induced Collins to burn the property, a complete defense to the entire action was made out. If it did not, but showed that the assured misrepresented his title to the ice machine, the amount of plaintiff's recovery was reduced only. Inasmuch as the jury found a general verdict for the defendant, it is evident that the jury found that the assured induced Collins to burn the property, which rendered the question of misrepresentation of ownership of a part of the property immaterial. The burden of proving the facts necessary to sustain such verdict being upon the defendant, and it having admitted plaintiff's cause of action, subject to the defense that the assured procured the burning of the property, it had the right under the law to open and conclude, and the court did not err in so holding.

The court by its charge having informed the jury of the effect of defendant's admission, specifically stating the facts admitted, and that such admitted facts entitled plaintiff to recover his entire demand unless one of the two defenses stated in its charge were made out,—one of which, if established, would defeat the entire demand, the other only a part of it,—all other defensive matters plead were eliminated from the consideration of the jury as effectually as if they had been erased from defendant's answer. Therefore the plaintiff could not have been prejudiced by the answer being read to the jury and taken with them in their retirement to consider their verdict. This case is easily distinguished from Insurance Co. v. Simpson, 28 S. W. Rep., 837. In that case, "taking the admission as made, the court could not have rendered judgment upon it, disposing of all the claims asserted by plaintiff, had defendant introduced no evidence in support of the defenses set up in its answer." In this case, taking the admission as made, if the defendant had introduced no evidence in support of its defenses, it would have been the duty of the court to have rendered judgment for plaintiff's entire demand, without his introducing any evidence at all.

The only exception to defendant's answer that has any relation to either of the issues submitted to the jury is the one to the allegations of

misrepresentations of the assured as to his ownership of the Arctic ice compressor. None of the exceptions referred to the defense that Van Ordstrand procured the burning of the property. As the verdict shows this was the defense sustained, the plaintiff was not prejudiced by the failure of the court to sustain the exceptions. Railway Co. v. Rather, 3 Texas Civ. App., 72; Traction Co. v. Bryant, 30 Texas Civ. App., 437, 70 S. W. Rep., 1015. Besides, the exception that related to the other issue submitted was not well taken. The charge of the court as effectually eliminated the allegations of the answer to which the other exceptions were directed as they could have been had they been sustained.

Our conclusion of fact is, from reading and carefully considering the evidence, that Van Ordstrand caused the insured property to be burned by the negro Albert Collins. It is unnecessary for us to state the testimony on this issue. While it is conflicting, it is amply sufficient to sustain the verdict. If, independent of the verdict, we had reached a different conclusion as the question was one for the jury to determine, we could not, in view of the evidence, disturb their finding. We conclude, therefore, that the assignment of error which complains of the court's failure to grant plaintiff a new trial upon the ground that the verdict is not supported by the evidence, is not well taken.

Upon the trial a deposition of Maggie Dunman, taken before J. H. Sharpe, a notary public of Ellis County, on the 15th day of June, 1900, was read in evidence by the defendant. Another deposition of the same witness, taken under her present name (Mrs. H. Heather) on the 26th day of August, 1902, before the same notary, was read in evidence by the plaintiff. Another deposition of Maggie Dunman was taken in the case on the 31st day of August, 1898, before L. K. Tarver, a notary public of Bell County. This deposition, after the two depositions of the witness above referred to were read in evidence, was offered in evidence by the plaintiff. The defendant objected to its introduction upon the ground that it had been quashed, which objection was sustained by the court.

The plaintiff contends that the deposition was admissible upon the following grounds: (1) If it were wrongfully taken, it was the wrong of defendant, and it can not avail itself of its own wrong; (2) it was at least a sworn statement made by the witness clearly identified, and as such is admissible to discredit and impeach her depositions subsequently taken, the proper predicate having been laid, and it being materially different from the subsequent depositions, especially in reference to Dunman's pretended trip to Ennis, and as to what occurred between him and the witness before and after his return from that place; and (3) the depositions establish that the defendant has resorted to improper and crooked means to procure and color testimony, especially the testimony of this witness, and the defendant should be forced to bear this discredit before the jury.

The exclusion of the deposition is made the basis of plaintiff's fifth assignment of error, under which is asserted, as propositions, the grounds

stated of its admissibility. The propositions will be considered in the order stated.

1. As the deposition was quashed at the instance of plaintiff, presumably because wrongfully taken, the fact that it was suppressed demonstrates that defendant was not allowed to take advantage of its wrong, if any were committed, in taking the deposition. After a deposition has been suppressed, it has no value in evidence. Gross v. Coffey, 111 Ala., 468, 20 So. Rep., 428.

2. Where proof is offered that a witness has said or done something inconsistent with his testimony, a foundation must be first laid, and an opportunity for explanation offered, by asking the witness whether he has not said or done what it is purposed to prove, specifying the particulars of time, place and person. 1 Greenl. Ev., sec. 463. No such foundation or predicate was laid by plaintiff to the introduction in evidence of the deposition in question. Therefore, it was inadmissible under his second contention. Railway v. Briggs, 4 Texas Civ. App., 515, 23 S. W. Rep., 503; Samuels v. Griffith, 13 Iowa, 109; Conrad v. Griffey, 16 How. (U. S.), 38; Hubbard v. Briggs, 31 N. Y., 536; Browning v. Gosnell, 91 Iowa, 448, 59 N. W. Rep., 340.

3. The deposition was not admissible to show that the defendant had resorted to improper and crooked means to procure and color the testimony, because it has been quashed, and, as we have before said, was not admissible for any purpose. In Blum v. Jones, 23 S. W. Rep., 846, where it was shown that plaintiff himself had written out his answers to interrogatories when the manager of his firm was present and assisting him; that he had consulted the attorney for his firm before making his answers, and that the officer purporting to take his depositions was a clerk in the employment of his firm at the time, this court said, in an opinion by the present writer, that it was not prepared to say that such facts, in regard to the taking of the deposition, were not admissible on cross-examination upon the issue of fraud. But the Supreme Court granted a writ of error in the case (Blum v. Jones, 86 Texas, 495), and held that such proof was calculated to prejudice the testimony with the jury, and reversed the judgment of this court for that reason. The deposition in this case having been suppressed, and no predicate being laid to impeach by it the subsequent depositions of the witness, its introduction in evidence would have served only to prejudice her testimony taken in such subsequent depositions, which was entitled to go before a jury unimpeached by the means by which her excluded deposition was taken.

In the proof of an issue of such a character as arson, involving as it does such moral turpitude and criminal intent, every circumstance tending to prove the guilt of the party charged with the commission of the offense is admissible in evidence. Shoe Co. v. Insurance Co., 8 Texas Civ. App., 233. Van Ordstrand, whose property was insured, was, in this case, charged with causing it to be burned by Albert Collins. The proof was sufficient to show that a conspiracy was entered into between

Van Ordstrand, Dunman and Collins to commit the offense, and the testimony shows that, in pursuance of the conspiracy, Collins burned the property. Van Ordstrand by his depositions denied such conspiracy, and that he procured the destruction of the property. Dunman, the only other conspirator, was disqualified as a witness by reason of having been convicted of a felony. In view of the testimony of Van Ordstrand, it was necessary to corroborate the testimony of Collins. This could only be done by proof of circumstances and acts and declarations of his coconspirators. Such circumstances, acts and declarations, proven before the fire, are numerous and cogent. The acts and declarations of Van Ordstrand should not be limited to such as were made before the object and purpose of the conspiracy were attained, for it was his property that was insured and burned. While he was not a party to the suit, the insurance was for his benefit, and he, if the policy were paid, would be benefited in the amount collected by having his indebtedness to the plaintiff credited therewith. The plaintiff, as assignee of the policy sued on, stands in the shoes of the assured, and whatever testimony would be admissible, had the suit been brought by Van Ordstrand, would be admissible against the plaintiff. Therefore any declarations made by the assured, either before or after the fire, tending to corroborate his coconspirator Collins, and to show that the property was destroyed in pursuance of such conspiracy, would be admissible as original evidence, because they would be in the nature of confessions or declarations against interests of a party.

The negro Albert Collins, speaking of Van Ordstrand talking to him in regard to the fire, testified: "He asked me several times not to tell anybody; to 'stand pat.'" Collins also testified to words of the same import addressed to him on other occasions by Van Ordstrand. None of this testimony was objected to, nor do we see any objection to it. Van Ordstrand denied ever having made any such statements to Collins.

After this the depositions of Albert Collins were taken by the plaintiff, and to his answers to cross-interrogatories propounded by defendant he attached certain letters. The evidence was sufficient to show that these letters were written by Van Ordstrand. They show an anxiety on the part of the writer to have the witness secretly leave Alvarado, where he was employed when they were written, and go to Victoria, Texas, where Van Ordstrand then lived. Van Ordstrand knew when he wrote these letters that Collins had told that he had burned the insured property at the instigation of its owner. Van Ordstrand certainly was not in love with the negro or solicitous for his welfare, who was a confessed felon, and had charged him with complicity in the felony. Why, then, if it was not to get the negro where he could subject him to his influence and make him hush his mouth about the crime, did he offer to send him $15 and give him a job at $75 per month, if he would break his contract of employment at Alvarado and come to him at Victoria, and say nothing about his coming? To our minds the letters were evidence tending to show Van Ordstrand's complicity in the

crime with the negro, and were, in connection with other facts and circumstances shown, admissible in evidence for that purpose, as well as for the purpose of corroborating the negro.

Upon the trial the defendant offered in evidence the deposition of John Holland, who testified that at the Owl Saloon, in Dallas, Texas, some time after the destruction of Van Ordstrand's ice plant at Terrell by fire, he stepped out behind the house and heard Van Ordstrand say to Dunman: "Dunman, you will not give me up or give me away?" and Dunman replied, "No, I will not; I will stand pat." This testimony was objected to by the defendant on the ground that it was hearsay. As we have before stated, a conspiracy was shown between Van Ordstrand, Albert Collins and Dunman to burn the insured property. The evidence tends to show that Dunman went, at the instigation of Van Ordstrand, to Ennis and bought a can of turpentine to be used in igniting the property. That the can was expressed from Ennis to one William Porter at Dallas; that on the 12th, 13th and 14th of that month Dunman was in Dallas, Texas, inquiring for William Porter, and found him, and had an interview with him there at night in a room; that the next morning Porter put a can in a trunk, and told the witness who saw him do it not to say anything about it. There is evidence to show that the trunk containing the can was checked from Dallas to Terrell. Two or three days before the fire Van Ordstrand and Dunman went to the depot, after the east bound train came in at night, in a delivery wagon for a trunk, put it in the wagon and carried it away with them; according to Collins' testimony Dunman came to the plant and said Van Ordstrand was out there in a buggy; that he went where he was and he, Van Ordstrand, said to him: "Here is some turpentine; take it out of the trunk, set it up in the ceiling of the plant; take the trunk and burn it up." That he opened the trunk, found the turpentine, burned the trunk, and afterwards saturated portions of the building with turpentine, and set it afire, and threw the can in the city well.

The testimony of Holland complained of in this assignment would certainly have been admissible against Van Ordstrand had the suit to recover on the property been brought by him. As we have before intimated, any evidence that would be admissible against the insured would likewise be admissible in a suit brought by the assignee on the policy. The testimony under consideration was, in connection with the other evidence, admissible as a circumstance to show Van Ordstrand's participation in procuring the burning of his property for the purpose of getting the benefit of the insurance.

If the admission in evidence of the deed of trust referred to in the eighth assignment were error, it could not have in any way prejudiced the plaintiff. We are inclined, however, to think that it was not error. The defendant, under its charge of arson, had the right to have, as evidence before the jury, the facts surrounding the assured which might influence him to burn the property, and a deed of trust upon it to secure notes that were due, with power of sale, might, in connection with other

testimony which was introduced, tend to show a motive on the part of the insured in having the property burned.

The testimony, the admission of which is complained of in the ninth, tenth, eleventh and twelfth assignments of error, could in no way have prejudiced the plaintiff, and furnishes no ground for reversing the judgment.

The matters complained of in the thirteenth assignment of error were such as were addressed to the sound discretion of the trial court upon plaintiff's motion for a new trial. When they are considered in connection with the counter affidavit in reply to the motion, we can not say that the court abused its discretion in overruling the motion for a new trial based upon the matters complained of in the assignment of error.

In our opinion there is no error assigned which requires a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

Writ of error refused.