**AMERICAN INS. CO. OF NEWARK, N. J.,
v. GREGORY et ux.
No. 13011.**

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 2, 1934.

Rehearing Denied Dec. 21, 1934.

Thompson, Knight, Baker & Harris and Robert Lee Guthrie, all of Dallas, for plaintiff in error.

M. Hendricks Brown and Marvin H. Brown, Jr., both of Fort Worth, for defendants in error.

POWER, Justice.

On September 5, 1931, plaintiff in error, the American Insurance Company of Newark, N.

J., executed and delivered to defendant in error Mrs. Guy W. Gregory its policy of fire insurance, insuring a certain residence situated at Hedley, Tex. Later, the house burned and defendant in error filed her suit in the district court of Tarrant county to recover on her insurance contract. Judgment was rendered in defendant in error's favor, and the insurance company appeals and assigns numerous errors.

■ Defendant in error objects to the consideration of the assignments of error for the alleged reason that the purported motion for new trial, upon which said assignments of error are based and predicated, was prematurely filed, in that the record shows that the judgment of the district court was entered on June 3, 1933. By referring to the record, it is shown that the trial began as a jury case on the 24th day of May, 1933. The judgment further recites:

"Said verdict and answers of the jury were received and accepted by the court on the 26th day of May, 1933, and the jury having been polled by the court upon the request of the defendant's counsel, the jury were ordered and discharged. And it appearing to the court that from the answers made by the jury to such special issues that the plaintiff was entitled to judgment * * * it is therefore ordered, adjudged and decreed by the court that the plaintiffs do have and recover from the defendant the sum of $594.00, together with costs."

At the bottom of the judgment, however, and just above the signature of the trial judge are these words: "Entered on this the 3rd day of June, 1933."

The motion for rehearing alleges numerous errors. No motion was made by defendant in error to strike the motion because it was prematurely filed, but it appears from the record that the motion was duly presented, considered, and overruled as if it had been timely filed. This court is of the opinion that while the judgment shows that it was entered after the motion for rehearing was filed, yet it is clear, since the court took jurisdiction of the motion and determined the alleged errors and the fact that the question was not raised by motion to strike or dismiss, but was only raised in defendant in error's brief in this court, that the judgment was actually determined and pronounced on the 26th day of May, 1933, and that the motion for new trial was not prematurely filed.

Plaintiff in error's answer specially pleaded that the defendant in error was not entitled to recover anything for the reason that she had burned or procured the burning of her own property. In the course of the trial and while defendant in error was testifying, the following questions were propounded to Mrs. Gregory by her own counsel:

"Q. Has there ever been any criminal complaint filed against you with reference to the burning of this place?

"Q. Mrs. Gregory, have you been indicted for the burning of your house at any time or any place?"

She answered "No" to each of those questions over the objection of counsel for plaintiff in error, and this is assigned as error.

It is well settled in Texas that the trial and conviction or acquittal in a criminal case of arson has nothing whatever to do with a defense in a civil suit based upon the fact that the assured has burned his property. If an assured is indicted for arson, or if he is not indicted, neither circumstance is admissible in evidence in a civil case based upon the defense of arson. Liverpool & London & Globe Ins. Co. v. Joy, 26 Tex. Civ. App. 613, 62 S. W. 546, 64 S. W. 786; Crescent Ins. Co. v. Camp, 64 Tex. 521; Cooley's Briefs on Insurance (2d Ed.) vol. 6, p. 4938; 24 Tex. Jur., pp. 1252, 1254.

The policy of insurance sued on provided that: "The policy shall be void if the interest of the insured in the property be other than unconditional and sole ownership."

One of the special issues submitted by the court was as follows: "Do you find from a preponderance of the evidence that on or about October 29, 1931, the plaintiff, Mrs. Guy W. Gregory, was the sole and unconditional owner of the property destroyed by fire and covered by the policy of insurance introduced in evidence before us?"

There was evidence tending to show that defendant in error was not the sole and unconditional owner of the property at the time the insurance policy was issued on the 5th day of September, 1931. The date used in the special issue propounded was the date of the fire and not the date of the issuance of the policy of insurance. It has been held in this state a great many times and is well settled that the sole and unconditional ownership clause applies to the time of the issuance of the policy for fire insurance. See City of New York Ins. Co. v. Middleton (Tex.

Civ. App.) 62 S.W.(2d) 681, and numerous cases there cited.

For the errors indicated, it is ordered that the case be reversed and remanded for a new trial.