FIREMEN'S INS. CO. OF NEWARK, N. J., et al. v. UNIVERSAL CREDIT CO.

No. 1472.

Court of Civil Appeals of Texas. Eastland.

June 21, 1935.

Rehearing Denied Sept. 13, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

Vaughan, Purl & Lewis and S. L. Lewis, all of Dallas, for appellee.

FUNDERBURK, Justice.

Universal Credit Company recovered judgment against Firemen's Insurance Company of Newark, N. J., and Commercial Casualty Insurance Company of Newark, N. J., for the sum of $516, upon an insurance policy (issued jointly by said defendants) to R. L. Weir, in which plaintiff was named as mortgagee of the automobile insured, with a loss payable provision in its favor, as its interest should appear. Weir, having declined to bring the suit, was made a party defendant. He filed an answer, but made no further appearance in the case. The defendants have appealed.

The appellants (defendants below) by their first and fourth propositions contend that the judgment should have been in their favor because the evidence established conclusively the breach by insured (Weir) of two provisions of the policy, namely, first, that the policy should be void if the interest of insured be or become other than unconditional and sole and lawful ownership of the automobile; and, second, that it should be void if the assured concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof. But one question is presented by the two propositions, since the fact or circumstance claimed to have been concealed was that the car was not owned by the insured, but by one Griffin.

■ Appellants had the burden of showing the breach, if any, of the provisions in question. There was evidence of title to the automobile in the named insured. The only evidence showing, or tending to show, that title was not in Weir was hearsay. Hearsay evidence, unless of a character coming within some exception to the general rule, is incompetent. It is to be regarded as no evidence in determining if there be evidence to support a judgment. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; U. S. F. & G. Co. v. Inman (Tex. Civ. App.) 65 S.W.(2d) 339, and authorities cited. Although hearsay, the evidence was admissible and competent against Weir had he been claiming under the policy. We have some doubt whether because of the absence of the "standard or union mortgage clause" or

applicable statute to the same effect, such testimony was competent to defeat the claim of the appellee. See 24 Tex. Jur., § 385, p. 1243; Thies v. Mutual Life Ins. Co., 13 Tex. Civ. App. 280, 35 S. W. 676; Cole v. Knights of Maccabees (Tex. Civ. App.) 188 S. W. 699. See, also, Joy v. Liverpool, London & Globe Ins. Co., 32 Tex. Civ. App. 433, 74 S. W. 822. We need not decide this question, for we are of the opinion that if the testimony be competent, it but raised an issue of fact and was by the judgment determined against the appellants.

■ Another contention of appellants is that there was no evidence that the car was stolen. To show this, the burden was upon appellee. The only evidence that the car was stolen consisted of the following: (a) K. M. Rosier testified that the car, in a wrecked condition, was found in front of his place of business before it had been reported lost; (b) C. D. Ragsdale testified to the same effect; (c) R. L. Weir wrote a letter to appellee stating his automobile had been stolen, wrecked, and recovered; (d) Weir and Griffin made a statement, in writing, introduced in evidence, one line of which read, "He" (that is Weir) "has been unable to find out how the car was wrecked or who stole it." The fact that the car in a wrecked condition was found parked beside a garage was certainly, standing alone, no evidence that it had been stolen. All of the other testimony was clearly hearsay as to appellants. Under the authorities above cited, it constituted no evidence that the car had been stolen.

■ In view of the disposition required to be made of the appeal by reason of this conclusion, it is deemed unnecessary to discuss other questions, except the one contending that at all events there should have been a $25 deduction from the $516 awarded by the court. Appellee made no claim of liability based upon insurance against collision and upset. It is to that provision alone that the stipulation for deducting $25 applies. We are of the opinion that if the car was stolen and was so wrecked by the thieves, whether by collision or otherwise, as to render it of little or no value, there would be liability for the full amount of the loss under the insurance against theft.

Because of the error of the court in rendering judgment for the appellee without proof that the car was stolen, it is

our opinion that the judgment of the court below must be reversed, and the cause remanded, which is accordingly so ordered.