## HOME INS. CO. v. SCOTT.
### No. 4075.

Court of Civil Appeals, of Texas. El Paso.
May 8, 1941.

Rehearing Denied May 29, 1941.

Stubbeman, McRae & Sealy and Boyd Laughlin, all of Midland, for appellant.

T. D. Kimbrough, of Midland, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the County Court of Midland County. Roy Scott, as plaintiff, recovered a judgment against Home Insurance Company, as defendant, in the sum of $263. The trial was before a court and jury, submission on special issues. Defendant has perfected this appeal.

Plaintiff sued on an insurance policy issued by the defendant insuring a certain 1936-Model Ford truck from loss by collision, etc. Plaintiff set up the destruction of the truck, the value thereof, and sought recovery of its value; alleging further that he had notified the defendant of his loss and in every way complied with his contract with it.

Defendant answered by general exception, special exception, general denial, and a special plea that plaintiff had failed to furnish the required proof of loss within ninety days after the loss occurred.

The court overruled defendant's general and special exceptions.

The jury, in response to special issues, found substantially that plaintiff could not

ascertain from defendant's policy that there was a paragraph therein against liens and incumbrances; that plaintiff was not at fault in failing to find that there was a paragraph therein against liens and incumbrances; that the defendant, through its agent, waived the execution of sworn proof of loss; plaintiff did not after the policy of insurance was issued purchase the motor in his truck at the time of the collision under an arrangement with Montgomery Ward whereby title was retained by the Company until the purchase price was paid; that the reasonable market value of plaintiff's truck prior to its collision was $363.

The grounds urged for reversal of the judgment in this case may be summarized as follows: (1) An asserted failure of plaintiff to allege and prove proof of loss, such being a condition precedent to recovery on the policy; (2) that he put another mortgage on the property without the consent of the Company which, under the terms of the policy, vitiated same.

A copy of the policy was attached to plaintiff's petition. There was a clause therein requiring proof of loss as a condition precedent to liability.

Defendant insists that there was error in the overruling of its general and special exceptions.

■ It is true that ordinarily a petition declaring on an insurance policy of the nature of the one herein involved which lacks an averment of compliance with the provision as to proof of loss is subject to general demurrer. Sun Mutual Ins. Co. v. Mattingly, 77 Tex. 162, 13 S.W. 1016; Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210.

■ However, it is likewise true that the pleadings of defendant as well as those of plaintiff may be looked to. The answer of the defendant raises the issue as to proof of loss. This, we think, puts the issue in the scope of the pleadings. Pardue v. Natl. Mut. Acc. Ins. Co., Tex.Civ.App., 55 S.W.2d 884; Hotel Dieu v. Armendariz, Tex.Civ.App., 167 S.W. 181; Id., Tex.Com. App., 210 S.W. 518.

We think there was no error in the court's overruling of the general and special exceptions.

■ The jury found that defendant had waived proof of loss. This finding affords no basis for the judgment rendered. Waiver was not pleaded by plaintiff; hence cannot be relied upon.

There was introduced in evidence what defendant denominates a "notice of loss." The loss occurred on or about February 20, 1940. This writing was delivered to the adjuster of the defendant the 15th day of March, 1940. The provision of the policy required filing of proof of loss within ninety-one days from the occurrence of the loss. This statement as to loss was filed with the defendant before the ninety-one days provided for in the policy had expired. This notice of loss was in writing and is a statement by the assured as to everything required in the policy as to proof of loss. It is very detailed and made to the adjuster of defendant. The only thing lacking for a complete proof of loss is that same is not verified by plaintiff. The statement has this attestation: "This statement is made under penalties of perjury and/or fraud, any other information that may be required will be furnished on call." It is witnessed by I. D. Tisher, adjuster for defendant.

■■ We think that this very detailed and complete statement as to place, time, extent and cause of the loss is substantial compliance with the provision as to proof of loss contained in the policy. It conveys notice of the loss and affords an adequate basis to enable the defendant to investigate same. Certainly a substantial compliance with the provision as to proof of loss is all that can be exacted. Universal Automobile Ins. Co. v. Morris Finance Corp., Tex.Civ. App., 16 S.W.2d 360; Century Ins. Co. v. Hogan, Tex.Civ.App., 135 S.W.2d 224; Service Mutual Ins. Co. of Texas v. Territo, Tex.Civ.App., 147 S.W.2d 846, 847.

The assignment is overruled.

After the attachment of the writ plaintiff purchased from Montgomery Ward Company and had installed in his car a reconditioned motor. He did not pay cash therefor. At or about the time he purchased this motor he signed a blank invoice of Montgomery Ward's reciting that the title to the property was to remain in that Company until the amount due was paid. This invoice does not show as to what property same relates—none is mentioned therein. Aside from the recital as to reservation of title, the signature and address of plaintiff filled in by him, and a recital of the balance due of $110, the invoice is entirely blank. There are many other provisions on the invoice which are not filled out. This instrument was introduced in evidence by defendant; but from where same was obtained does not appear. That Montgom-

ery Ward ever had same in its custody does not appear. It does appear that plaintiff purchased and installed in the truck the motor; likewise that he did not pay for same. But in our opinion the evidence is insufficient to establish a written mortgage or a mortgage partly written and partly oral.

We do not hold that the finding of the jury in substance that plaintiff did not know there was a provision against mortgaging the property in the policy and was not negligent in failing to discover same supports the judgment rendered. What we hold is that the evidence fails to establish the existence of any mortgage on the truck or any portion thereof given by plaintiff in violation of the policy.

The case is affirmed.