**ANCHOR CASUALTY COMPANY,**
Appellant,

v.

**J. E. BOWERS, Appellee.**

No. 14404.

Court of Civil Appeals of Texas.

Houston.

Oct. 29, 1964.

On Rehearing Dec. 10, 1964.

Second Rehearing Denied Jan. 7, 1965.

Chilton Bryan and Julietta Jarvis, Houston, Bryan & Patton, Houston, of counsel, for appellant.

Howard M. Wayland, Houston, for appellee.

COLEMAN, Justice.

This is a suit on three fire insurance policies to recover for damages caused by fire to a dwelling and household furnishings. The case was tried to a jury and judgment was entered for the insured.

The three insurance policies made the basis of this suit were all issued by appellant. Each of these policies required that a sworn proof of loss be filed with the company within 91 days of the date of the loss. The fire occurred December 13, 1960. On February 8, 1961 appellee filed with the company a proof of loss on the house, and another on the furniture, which referred by number to only one of the policies. An affidavit was attached to the proof forms, but the space for the signature of the notary public was blank. On the 24th day of April, 1963, substantially similar proofs of loss, properly sworn to, were filed with the company. Appellant did not, within the 91 day period, call appellee's attention to his failure to have the proofs of loss properly notarized. Appellee did not plead waiver or estoppel.

The jury found that the dwelling was a total loss and this finding is properly supported by the evidence. No proof of loss is required as a condition to recover for a total loss of real property. Crutchfield v. St. Paul Fire and Marine Ins. Co., Tex. Civ.App.1957, 306 S.W.2d 948; Whitehead v. National Casualty Company, Tex.Civ. App.1954, 273 S.W.2d 678, error ref.; United States Fire Ins. Co. v. Adams, Tex. Civ.App.1938, 115 S.W.2d 788.

Where a proof of loss was filed for one policy, it is not necessary that additional proofs of loss be filed on other policies with the same company. Francis v. International Travelers' Ass'n, Tex.Civ. App., 260 S.W. 938. In any event, this point does not present reversible error since appellee's coverage under the policy referred to by number exceeds the value of the personalty destroyed as found by the jury.

Appellant contends that the trial court erred in failing to direct a verdict in its favor since the evidence shows without dispute that the proof of loss filed by appellee within the time limited by the policy was not sworn as required by the terms of the policy.

Numerous cases can be cited for the proposition that where an insurance policy makes the furnishing of a proof of loss a condition precedent to the enforcement of the policy, and the proof of loss has not been furnished or waived, the insured cannot recover on the policy. Farmer's Mutual Protective Ass'n of Texas v. Thompson, Tex.Civ.App., 365 S.W.2d 226, ref., n. r. e.

It has frequently been held, however, that substantial compliance with policy provisions requiring proof of loss is all the company may require, and that an unverified proof of loss, containing the required information, may be substantial compliance with the policy provisions. Home Ins. Co. v. Scott, Tex.Civ.App., 152 S.W.2d 413, writ dism.; Service Mutual Ins. Co. of Texas v. Territo, Tex.Civ.App., 147 S.W.2d 846; Century Ins. Co. Ltd. v. Hogan, Tex.Civ. App., 135 S.W.2d 224; Universal Automobile Ins. Co. v. Morris Finance Corporation, Tex.Civ.App., 16 S.W.2d 360, writ dism.

In London & Lancashire Fire Ins. Co. v. Schwulst, Tex.Civ.App.1898, 46 S.W. 89, the court said: " * * * The rule is that, when defective proofs of loss are

furnished the company, it must, within a reasonable time, object to the proofs, and point out the defects, so that the assured may, if he so desires, amend the same, and cure the defects."

Rule 93, T.R.C.P., provides (in part): "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

"(m) That notice and proof of loss or claim for damage has not been given as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. *A denial of such notice or such proof shall be made specifically and with particularity.".* (emphasis added)

The emphasized portion of the Rule requires that the specific defect to be relied on must be clearly and distinctly set out in the denial. Here appellant's plea stated: "Defendant pleads that the Plaintiff failed to file an acceptable sworn Proof of Loss, containing therein all of the information required by the above quoted terms and conditions, within ninety-one days from the occurrence of the loss alleged: * * *. * " Instead of clearly and distinctly pointing out the defects in the proof of loss filed, this plea is global in its wording. It does not comply with the Rule and amounts to no plea. The presumption that a proper proof of loss had been filed arose and no evidence to the contrary could properly have been admitted. Home Ins. Co., New York v. Barbee, Tex.Civ.App., 166 S.W.2d 370.

The trial court did not err in refusing to instruct the jury to return a verdict for appellant.

The policies insuring appellee's personal property only insured the property while located in the particular premises described in the policies. The house that burned was not the one originally described in the policies, but appellee testified that the company had issued to him proper removal permits which were destroyed in the fire. Appellant produced testimony that when such permits were issued they were in the form of endorsements to the policy and were supposed to be attached to the policy; and that a copy of the endorsement ordinarily was kept by the agent issuing it and another sent to the company for its file. Mrs. Solomon, who was appellant's agent at the time of the fire, but not at the time of the trial, testified that she knew that appellee had moved to the premises destroyed by fire, but that she could not testify that a removal permit was issued because she did not have access to the records. An agent of the company testified at the trial, but neither party asked him whether an endorsement was in his files. There was no direct testimony that proper endorsements were not issued. The fire was reported to the company by Mrs. Solomon as having destroyed the house occupied by appellee prior to his removal to the house actually destroyed. She testified that she took the address from a file in her office. Since appellee testified that endorsements were issued each time he moved his residence, none of the evidence is necessarily inconsistent with his testimony that such a permit was issued at the time he moved into the house which burned. His testimony was positive and concerned a matter which appellant could have contradicted had it been untrue. The trial court was not required to submit an issue on the matter to the jury. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904.

Appellant specifically pleaded no liability because the fire was an incendiary fire brought about by appellee for the purpose of defrauding the insurance company. At the proper time appellant requested the submission of certain issues, to secure findings on whether appellee burned the property; instigated the burning; procured some other person or persons to burn the property; or consented to the burning.

An arson investigator testified to circumstances which, in his opinion, demonstrated that an inflammable liquid was a factor in the fire. A container having the odor of kerosene was found outside the house. He testified that deep charring indicated a hydrocarbon fire. There were, in his opinion, several different points of origin, where such deep charring was found. He testified that the fire was a "set fire".

Appellee had moved nine pick-up loads of furniture from the burned house at 13622 Almeda School Road to his house at Pasadena and was living there at the time of the fire. A normal driving time between the houses was twenty-five minutes, but he had driven it in sixteen minutes. Appellee's wife testified that appellee was at home from about ten o'clock until he was notified

that the house was burning about 12:30 o'clock. The claim filed by appellee for lost personal property listed two bedroom suites, a dining room suite, a living room suite, a desk and chair, a rocking chair, a cedar chest, two chests, a coffee table, two end tables, and a kitchen range. The value claimed for this property was much greater than that found by the jury. Appellee testified that he had bought no other furniture for his new home. An insurance adjuster testified that he examined the site the day after the fire and the only evidence he found of furniture was the remains of the kitchen range, a table top, a file box and some rollers. He testified that from his experience in investigating thousands of fires, it was his opinion that he should have found springs and fragments of the wood furniture. He further testified that there was no evidence that any of the furniture had been carried from the burning house into the yard. A neighbor reported the fire and testified that when he got to the house the flames were from the floor to the ceiling, engulfing the entire door he could see through. He was not asked about the furniture.

There was no one living in the house at the time. Appellee and his son had keys to the doors. There had been no previous trouble with marauding, or with the utilities. Appellee testified that he had no enemies and suspected no one of setting the fire, and that he had left nothing that would start an accidental fire. There was no indication of forced entry.

After the fire was extinguished an investigation revealed that the building was burned inside on all of the walls, the roof was badly burned and had partially collapsed; there was a large hole in the living room floor, and a hole in the floor of the back room and of the kitchen. About fifty percent of the studs and exterior walls were so badly burned as to be unusable. Only twenty-five percent of the material in the original house was in such condition after the fire as to be usable.

■ Fraudulent losses are excepted from coverage of fire insurance contracts on grounds of public policy and the intentional burning of insured property to collect insurance proceeds is a defense to a suit on a fire insurance policy. Jones v. Fidelity & Guaranty Insurance Corp., Tex.Civ.App. 1952, 250 S.W.2d 281, writ ref.

■■ Whether an issue is raised by the evidence must be judged by the same tests employed in determining whether an instructed verdict shall be given. McDonald, Texas Civil Practice, Vol. 3, § 12.08. When reasonable men may differ as to the truth of controlling facts, a jury issue is present. Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365.

In McDonald, supra, § 11.28, pp. 1032–1034, the authors say:

"The basic rule is that, upon motion for instructed verdict, the trial court, without passing upon the credibility of witnesses, accepts as true all evidence which, when liberally construed in favor of the adverse party, tends to support such adverse party's contention (as to the truth of the fact propositions on which he relies or the falsity of those urged by the movant); indulges every reasonable inference which can properly be drawn in favor of such opponent's position from the evidence; and discards all contradictory evidence favorable to the movant. If, so viewed, the evidence amounts to more than a scintilla, i. e., more than a mere suspicion or speculation that the fact propositions asserted by the opponent might be true or that those urged by the movant might be false, as the case may be, an issue is at least raised. A fact issue is not raised when the adverse party has the burden of proof and his evidence, though accorded this liberal treatment, is equally consistent with the truth or falsity of the fact proposition he asserts. * * * Given a situation where reasonable minds may differ as to the truth, it is immaterial that the evidence may preponderate in favor of one party to such an extent that a verdict adverse to him would have to be set aside as against the weight of the evidence; it is the duty of the jury initially to determine the preponderance of the evidence, subject to the power of the court to grant a new trial—a materially less drastic remedy than an instructed verdict—should the jurors make a finding against the evidence."

■ Where circumstantial evidence is relied upon the testimony must establish circumstances to support the inferences drawn and these circumstances must be such

as to make the truth of the fact proposition inferred more likely than not. The evidence must support the conclusion that the inference of the existence of particular facts is more reasonable than the inference of the nonexistence of those facts. The same evidence may properly be the source of inferences as to the truth of several basic fact propositions. McDonald, Texas Civil Practice, § 11.28, pp. 1035–1036.

There was sufficient circumstantial evidence to require the submission of the issue on whether appellee intentionally burned the insured property. There was no evidence that he procured some other person to burn the house, or instigated or consented to its being burned by third parties.

Appellant also offered to prove that appellee was in debt and was to pay monthly payments approximating one-half of his monthly income, and that he was not current in his payments. This testimony was excluded by the trial court and this was error. The evidence excluded tended to prove motive. Dwyer v. Continental Insurance Co., 63 Tex. 354; Joy v. Liverpool, London & Globe Insurance Co., 1903, 32 Tex.Civ.App. 433, 74 S.W. 822, writ ref.; Williams v. Banker's Fire & Marine Insurance Co., Tex.Civ.App.1955, 277 S.W.2d 742.

After the arson investigator had testified that in his opinion the fire was incendiary, he was asked whether any criminal charges were filed. The witness was permitted to answer that none had been filed, over appellant's objection that the question was irrelevant, immaterial, prejudicial and inflammatory. The court erred in admitting this testimony. American Insurance Company of Newark, N. J. v. Gregory, Tex. Civ.App.1934, 77 S.W.2d 716; Liverpool & London & Globe Insurance Co. v. Joy, 1901, 26 Tex.Civ.App. 613, 62 S.W. 546.

The other points of error will not likely arise on a new trial and do not present such error as probably caused the rendition of an improper judgment.

This case is reversed and the cause is remanded for a new trial.

### On Motions for Rehearing

In our original opinion this case was reversed and remanded for another trial because of the failure to submit appellant's defensive issue on arson to the jury. We stated that there was circumstantial evidence requiring the submission of appellant's requested issue on whether appellee *intentionally* burned the insured property. In this motion for rehearing appellee has pointed out the issue requested by appellant merely asked whether appellee set fire to and burned the property, the element of intent being entirely omitted. Appellee asserts that such request is insufficient as a basis for reversal because of Rule 279 of the Texas Rules of Civil Procedure, providing, in part:

"Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment * * *."

In call of Houston, Inc. v. Mulvey, 343 S.W.2d 522, this Court discussed the term "substantially correct" as follows:

"Such requirement does not mean that it must be absolutely correct, nor does it mean that one that is merely sufficient to call the matter to the attention of the trial court will suffice, but rather it means one 'that in substance and in the main is correct and that is not affirmatively incorrect."

A correctly worded issue to establish the issue of arson must contain the element of intent. In State Farm Fire and Casualty Company v. Ulteig, Tex.Civ.App., 367 S.W. 2d 898, err. ref., n. r. e., the court approved the following issue: "Do you find from a preponderance of the evidence that * * * caused the destruction of the house at 1630 Woodcrest by intentionally and willfully setting fire to it on February 5, 1960?"

The tendered issue, as worded, would not have negatived accident or other fortuitous circumstance. A favorable answer to the issue would not have established the defense appellant had pled.

The other errors pointed out in our original opinion concerned matters of evidence relating to the defense of arson. Since no issue on that defense was required to be, or was, submitted to the jury, these errors were harmless.

Appellee's motion for rehearing is granted. Former judgment vacated, set aside and annulled and the judgment of the trial court is affirmed. Appellant's motion for rehearing is overruled.