**ANCHOR CASUALTY COMPANY,**
Petitioner,

v.

**J. E. BOWERS, Respondent.**

No. A–10609.

Supreme Court of Texas.

July 28, 1965.

Bryan & Patton, Houston, for petitioner.

Howard M. Wayland, Houston, for respondent.

GREENHILL, Justice.

This is a suit on three fire insurance policies to recover for damages caused by fire to the home and furnishings of J. E.

Bowers. Generally, the Anchor Casualty Company defended on the grounds that (1) Bowers had not complied with the proof of loss provisions in the policies; (2) the household furnishings were not covered because no permits were issued for their removal from a previous location to the location of the fire; and (3) Bowers or some unknown accomplice set fire to the house. Judgment was entered for Bowers on the basis of jury findings that the house was a total loss and that the value of the furnishings was $1,000. The Court of Civil Appeals affirmed. 385 S.W.2d 568 (1964). We reverse the judgments of the courts below and remand the cause for a new trial because of the failure of the trial court to submit an issue to the jury as to whether a removal permit had been issued.

The household furnishings were insured only at the location described in the policies. Bowers had moved since the policies were issued. He contends that the company issued proper removal permits which were destroyed in the fire, but the company denies the fact that permits were issued. The Court of Civil Appeals held that the trial court was not required to submit an issue to the jury on this matter because Bowers's testimony was positive and concerned a matter which the company could have contradicted had it been untrue. We hold that since there was testimony which tended to discredit or impeach Bowers's testimony, the credibility of his testimony was for the jury to pass upon, and an issue of fact was raised which should have been submitted to the jury.

The determination of such a question requires an analysis of the evidence. Bowers testified that he notified Petitioner's former agent, the Solomon Insurance Agency, of the move and that he received a removal permit which was destroyed in the fire. Mrs. Solomon, the agent who issued the policies, testified that she was notified that the furniture was to be moved but could not state under oath that a removal permit was issued. Mrs. Solomon no longer owned the agency at the time of the trial, and she testified that she did not have access to the records. There is no direct testimony that proper removal permits were not issued.

■ If this were all the evidence, we could agree with the Court of Civil Appeals that no issue of fact was raised. However, we find additional evidence in the record. Recently we stated that the uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact. An exception is made when the testimony of the interested witness is clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965). There are circumstances in evidence tending to discredit or impeach Bowers's testimony.

■ Mrs. Solomon testified that a removal permit is issued in the form of an endorsement that goes on the policy. The policies were not destroyed in the fire and were introduced in evidence, but no permits were attached. When Mrs. Solomon reported the loss to the company she gave Bowers's old address. She got the address from her records. The fact that she used the old address might indicate that she had not issued or prepared the permit of removal to the new address. Moreover, there is evidence that the insured property was intentionally burned. A member of the arson squad of the Houston Fire Department testified that he investigated the fire, and that in his opinion it was a "set fire." An insurance adjuster testified that he examined the premises the day after the fire and could find only the remains of a few pieces of furniture. He could find no evidence of many of the items of furniture and personal property which Bowers claimed were burned in the fire. The adjuster testified that there should have been evidence of the other

furniture allegedly destroyed if it had been in the house. This evidence raises questions concerning the credibility of Bowers. The truth of his testimony, therefore, regarding the issuance of the removal permit was for the jury to pass upon.

In Great American Reserve Ins. Co. v. San Antonio Plumbing Supply, supra, we said that the exception to the interested witness rule, stated above (where the evidence is clear, direct, and positive, and there are no circumstances tending to discredit or impeach such testimony), is *especially true* where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. See Owen Dev. Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943).

In other words, failure to contradict is another factor to be considered by the court; but it does not necessarily preclude the holding that a fact issue is raised when, as here, there are circumstances in evidence tending to discredit or impeach the testimony of the interested witness.

The Court of Civil Appeals cited Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942), wherein it was said that the testimony of Cochran should be taken as true because it could have been easily controverted if it were untrue. But in the same paragraph the Court alludes to the fact that Cochran's testimony was clear, direct, and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon. Cochran, therefore, is not inconsistent with the case at bar.

The insurance company requested a special issue to inquire whether Bowers set fire to the property. We approve the action of the Court of Civil Appeals wherein it held that the requested issue was defective because it did not contain the element of intent. 385 S.W.2d at 572.

Finally, the insurance company contends that Bowers failed to file a sworn proof of loss within 91 days as required by the policies, and that the company should have been granted an instructed verdict for that reason. We agree with the Court of Civil Appeals that the trial court did not err in refusing to grant the company's motion. The matter is discussed in that court's opinion and need not be repeated here. 385 S.W.2d at 569, 570. Bowers did file proof of loss within the time required, but it does not appear to have been sworn to before a notary. The company did not point out that defect. Rule 93(m) of the Texas Rules of Civil Procedure requires in substance that where a proof of loss is concerned, and there is a denial of such proof of loss, such denial "shall be made specifically and with particularity." The Court of Civil Appeals correctly overruled the company's points of error.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court for a new trial.